### J. B. WALKER AND FANNIE WALKER v. F. B. WALKER.

(Filed 2 November, 1949.)

**1. Deeds § 6—**

Where there is no allegation or evidence that the deed attacked was a deed of gift, delay in recording does not invalidate the instrument.

**2. Trusts § 2a—**

Neither a grantor nor those claiming under him may engraft a parol trust upon his deed absolute in form.

**3. Frauds, Statute of, § 9—**

A parol agreement of the grantee to revest title in the grantor by destroying his deed, comes within the statute of frauds and is voidable at the election of the grantee.

**4. Trusts §§ 2a, 5b—Exercise of legal right in lawful manner cannot be made basis of charge of fraud so as to create constructive trust.**

Plaintiffs' allegations and evidence were to the effect that after defendant's father had conveyed the lands to him defendant requested his father to repurchase same, that the father paid a sum of money for the repurchase and went into possession, that the son said his deed had been lost and that as soon as he could find it he would destroy it and thus revest title in his father, and that subsequent to the father's death the son recorded the deed. *Held:* The parol agreement to revest title in the father comes within the statute of frauds and is voidable at the option of the son, and

therefore the action of the son in doing what he had a legal right to do cannot be made the basis for a charge of fraud so as to impress a trust upon his title to the property.

APPEAL by plaintiffs from *Rousseau, J.,* March-April Term, 1949, CLEVELAND. Affirmed.

Civil action to impress a trust upon defendant's title to certain real property.

On 3 October 1932, F. J. Walker and wife, for a valuable consideration, conveyed a ten-acre tract of land by warranty deed to defendant, their son. In the summer of 1933 defendant asked his father to repurchase the property. F. J. Walker then borrowed $300 which he paid to defendant for the repurchase. Defendant said his deed had been lost or misplaced and as soon as he could find it he would destroy it and thus revest title in F. J. Walker. No paper writing or memorandum was signed. Instead, the contract was wholly oral. After the agreement of repurchase was entered into, F. J. Walker took possession of the land and remained in possession thereof until the time of his death. On 19 October 1947, F. J. Walker died. On 28 October 1947, defendant filed his deed for registration. These are the facts disclosed by the allegations in the complaint and the testimony offered when considered in the light most favorable to plaintiffs.

Plaintiffs, heirs at law and devisees of F. J. Walker, instituted this action for judgment that defendant holds title to said land as trustee for the use and benefit of plaintiffs. The defendant denied the oral agreement to sell and reconvey and pleaded the statute of frauds.

At the conclusion of plaintiff's evidence in chief, the court, on motion of defendant, entered judgment as in case of nonsuit.

*Horace Kennedy and J. W. Osborne for plaintiff appellants.*
*Falls & Falls for defendant appellee.*

BARNHILL, J. The plaintiffs do not allege, and there is no evidence tending to show, that the conveyance from F. J. Walker and wife to F. B. Walker was a deed of gift. On the contrary, the testimony tends to show that it was supported by a valuable consideration. Hence the delay in recording the deed did not invalidate the instrument.

Nor is it contended that any agreement was made at or before the time the deed was delivered respecting the quality of defendant's title or the nature of his seizure other than such as is disclosed by the deed itself. Any such agreement attempting to bind defendant to stand seized for the benefit of the grantor, if made, would be unenforceable. *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028; *Bass v. Bass,* 229 N.C. 171.

The delivery of the deed consummated the transaction and vested title in defendant free of any claim of right of the grantor. *Turlington v. Neighbors,* 222 N.C. 694, 24 S.E. 2d 648.

The plaintiffs ground their action on an oral agreement by defendant to reconvey the premises to F. J. Walker, by the destruction of his unrecorded deed, and his alleged fraudulent misrepresentations in respect to the loss of the deed and his consequent inability to destroy it. He agreed to revest title in his father by destroying his unrecorded deed to the *locus.* This he failed to do. Now he should be compelled to comply with his agreement or else be declared trustee for the use and benefit of plaintiffs. So they contend. Their position finds no support in law or equity.

The contract to reconvey, if made, was voidable at the election of defendant. *Arps v. Davenport,* 183 N.C. 72, 110 S.E. 580; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477; *Westmoreland v. Lowe,* 225 N.C. 553, 35 S.E. 2d 613; *Wright v. Allred,* 226 N.C. 113, 37 S.E. 2d 107. Upon his denial of the contract and plea of the statute of frauds, it became wholly unenforceable. *Harvey v. Linker,* 226 N.C. 711, 40 S.E. 2d 202.

In disavowing the contract and refusing to abide by its terms, defendant was exercising a legal right and his exercise of a legal right in a lawful manner cannot be made the basis of a charge of fraud such as would impress a trust upon his title to the property.

Even if we accept plaintiffs' version of the transaction, defendant's promissory representations created no right in equity and cannot serve to vest in plaintiffs any interest in the land in the form of any type of trust known to equity jurisprudence. Certainly they are insufficient to constitute a conveyance recognized in law. Real estate is not conveyed in that manner.

*Lefkowitz v. Silver,* 182 N.C. 339, 109 S.E. 56, and other authorities of like import relied on by plaintiffs are not in point. Here no title passed to defendant by virtue of his representations, and he did not take title subject to any equity thereby created.

The judgment below is
Affirmed.