PEGGY JEAN EDWARDS ROPER v. MACK ANDERSON EDWARDS AND JUDITH BERTLING EDWARDS

No. 8719SC528

(Filed 15 December 1987)

**Trusts § 19— conveyance of real property—constructive trust—evidence not sufficient**

> Summary judgment was properly granted for defendants in an action to force defendants to convey to plaintiff a tract of land where the land had been conveyed to defendants as a part of the settlement of a civil action; the agreement required that defendants not dispose of the property before the death of the other party to the action; defendants were to convey the property to whomever the other party designated by her will, and if no such designation was made, the property would belong to defendants in fee simple; the other party's will specifically referred to the settlement provisions and directed defendants to convey the property to plaintiff in this action; and defendants refused to convey the property. The language in the settlement agreement was a prohibited restraint upon alienation, and the equitable remedy of constructive trust did not apply because there was no evidence of any fraud or wrongdoing on the part of defendants, and nothing in the record to indicate that defendants had any legal duty to convey the property to plaintiff.

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 18 March 1987 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 30 November 1987.

This is a civil action wherein plaintiff seeks to require defendants to convey to her a 1.12 acre tract of land pursuant to a settlement agreement. The record shows that on 24 February 1984 Myrtle Burroughs Edwards, defendants and Robert Burroughs Edwards entered into a settlement agreement arising from a civil action then pending in the Superior Court of Randolph County. As part of this agreement, Myrtle Burroughs Edwards promised to convey to defendants a tract of land which defendants could not dispose of before her death. Defendants were then to convey the property to whomever Myrtle designated by her will, and if no such designation was made the property would belong to defendants in fee simple.

Myrtle conveyed the property to defendants by a deed which noted the agreement's provisions. When Myrtle died 4 September 1986 her will specifically referred to the settlement provisions and directed defendants to convey the property to plaintiff. De-

fendants refuse to convey the property, contending they are not obligated to do so.

At trial, both plaintiff and defendants moved for summary judgment. The trial judge granted defendants' motion, denied plaintiff's motion and entered judgment for defendants dismissing plaintiff's claim. Plaintiff appealed.

*Haworth, Riggs, Kuhn, Haworth and Miller, by John Haworth, for plaintiff, appellant.*

*Ivey Mason & Wilhoit, by Rodney C. Mason, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff's sole question on appeal is "did the trial court commit reversible error by granting defendant's motion for summary judgment and by denying plaintiff's motion for summary judgment?" Both plaintiff and defendants agree summary judgment was appropriate pursuant to G.S. 1A-1, Rule 56(c), because there is no genuine issue as to any material fact. Plaintiff contends, however, the summary judgment should have been in her favor.

In this case, the grantor of real property attempted to retain a testamentary power of appointment. When Myrtle conveyed the tract of land to defendants, she undertook to keep a right to designate by will who would receive the property after her death.

Plaintiff admits in her brief that the language regarding the settlement in the deed from Myrtle to defendants "is a prohibited restraint upon alienation" and that the agreement by defendants "to refrain from conveying the property is void." Any condition attached to the creation of an estate in fee simple which prevents the conveyee from alienating it for a period of time is void as a restraint on alienation. *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 224 S.E. 2d 580 (1976). A restraint on alienation is also against public policy. *Trust Co. v. Construction Co.*, 3 N.C. App. 157, 164 S.E. 2d 519 (1968); *Clayton v. Burch*, 239 N.C. 386, 80 S.E. 2d 29 (1954). Only the restraint is invalid, however, and the grant normally stands. *Id.*

Here, plaintiff argues defendants should convey the property as required by the settlement agreement because the equitable

remedy of constructive trust applies. A constructive trust is imposed "to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." *Wilson v. Development Co.*, 276 N.C. 198, 211, 171 S.E. 2d 873, 882 (1970).

Plaintiff contends defendants were unjustly enriched by the conveyance simply because they received the property from Myrtle when she, Myrtle, clearly manifested her intention that plaintiff receive the property in question.

In order to invoke a constructive trust plaintiff must show that unjust enrichment is the result of fraud, a breach of duty, or some other circumstance making it inequitable for defendants to keep the property. Plaintiff cites *Cline v. Cline*, 297 N.C. 336, 343, 255 S.E. 2d 399, 404 (1979), for the proposition that "[w]henever one obtains legal title to property in violation of a duty he owes to another who is equitably entitled to the land or an interest in it, a constructive trust immediately comes into being."

There is nothing in this record to indicate that defendants had any legal duty to convey the property to the plaintiff. There is no evidence in this record of any fraud or wrongdoing upon the part of defendants with respect to the manner in which they acquired the property or their failure to convey it because of the void provision in their deed with respect to the settlement agreement. They have a legal right to refuse to convey the property because of the restraint on alienation, and this exercise of a legal right cannot amount to fraud. *Walker v. Walker*, 231 N.C. 54, 55 S.E. 2d 797 (1949).

The judgment appealed from is

Affirmed.

Judges MARTIN and GREENE concur.