PEGGY JEAN EDWARDS ROPER v. MACK ANDERSON EDWARDS AND JUDITH BERTLING EDWARDS

No. 3PA88

(Filed 3 November 1988)

Trusts § 19— constructive trust—sufficiency of evidence

Plaintiff is entitled to a constructive trust requiring defendants to convey a one acre tract to plaintiff to prevent unjust enrichment of defendants where the record shows that defendants had been engaged in litigation with plaintiff's grandmother over entitlement to 136 acres of land; the agreement settling this litigation reserved to the grandmother ultimate control over entitlement to only one acre of the 136 acre tract; the grandmother conveyed to defendants the remainder of the 136 acre tract, as well as rights in the one acre during the lifetime of the grandmother, in exchange for defendants' agreement to convey the one acre tract as the grandmother by will might direct; the grandmother's will devised the one acre tract to plaintiff; and defendants have refused to convey the one acre tract to plaintiff.

ON discretionary review of a decision of the Court of Appeals, reported at 88 N.C. App. 149, 362 S.E. 2d 612 (1987), affirming a judgment entered by *Walker (R. G., Jr.), J.*, at the 16 March 1987 Civil Session of Superior Court, RANDOLPH County. Heard in the Supreme Court 13 September 1988.

*Haworth, Riggs, Kuhn & Haworth, by John Haworth and Susan H. Thomas, for plaintiff-appellant.*

*Ivey Mason & Wilhoit, by Rodney C. Mason and Robert E. Wilhoit, for defendant-appellees.*

WHICHARD, Justice.

The issue is whether a constructive trust should be imposed to require defendants to convey certain land to plaintiff. We hold that it should, and we accordingly reverse the Court of Appeals.

The record establishes the following undisputed facts:

Myrtle B. Edwards, plaintiff's grandmother, died on 4 September 1986. Prior to her death, the grandmother had a dispute with defendants over entitlement to a 136 acre tract of land. The parties settled civil litigation emanating from this dispute by the execution of a settlement agreement which provided, in pertinent part, as follows:

Plaintiff's grandmother would convey to defendants, "in fee simple absolute, without reserving any life estate in said tract," the entire 136 acres. Within this 136 acres was a tract containing one acre, more or less, which was "not [to] be sold or encumbered by [defendants] at any time prior to" the grandmother's death. Defendants were to make such conveyance of the one acre tract as the grandmother might specify in her will by express reference thereto. Absent such specification, the tract was to remain defendants' property in fee simple absolute.

The parties executed a mutual release to implement the settlement agreement, and the civil litigation was dismissed in reliance on the agreement. Although not a party to the litigation, plaintiff joined in the execution of the agreement and the release.

Plaintiff's grandmother then executed a deed conveying the one acre tract to defendants. The deed expressly recited that the conveyance was in consideration of the settlement agreement. Both the granting and habendum clauses provided that they were subject to the pertinent terms and conditions of the settlement agreement. The deed also expressly recited that the grantees—defendants here—were "obligated to make such conveyance of the . . . premises" as the grantor might specify in her will, and

that, absent such specification, the property would remain that of the grantees in fee simple absolute.

Following the grandmother's death, her will was admitted to probate in common form. The will devised the one acre tract to plaintiff, expressly referring to the foregoing provisions of the settlement agreement with defendants. Despite plaintiff's repeated demands, however, defendants have refused to convey the one acre tract.

Consequently, plaintiff brought this action seeking a judgment "requiring defendants to execute a Deed conveying to plaintiff the real property . . . free of encumbrances or in lieu thereof that the Judgment convey said property to plaintiff free of encumbrances." Plaintiff and defendants moved for summary judgment, contending in their respective motions that the foregoing undisputed facts entitled them to judgment as a matter of law. The trial court denied plaintiff's motion and allowed defendants' motion.

On appeal, the Court of Appeals affirmed. *Roper v. Edwards*, 88 N.C. App. 149, 362 S.E. 2d 612 (1988). On 9 March 1988 we allowed plaintiff's petition for discretionary review. We now reverse.

The Court of Appeals noted that plaintiff admitted, in her brief in that court, that both the settlement agreement and deed contain a prohibited restraint on alienation, leaving her without a remedy at law. *Id.* at 150, 362 S.E. 2d at 613, citing *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 224 S.E. 2d 580 (1976). The court responded to plaintiff's argument that she was entitled to the equitable remedy of a constructive trust based on unjust enrichment by stating that plaintiff had not made the requisite showing that the unjust enrichment was "the result of fraud, a breach of duty, or some other circumstance making it inequitable for defendants to keep the property." *Id.* at 151, 362 S.E. 2d at 613. It determined that defendants had "a legal right to refuse to convey the property because of the restraint on alienation and this exercise of a legal right cannot amount to fraud," *id.* at 151, 362 S.E. 2d at 614, and it concluded that the record was devoid of indication "that defendants had any legal duty to convey the property to the plaintiff." *Id.* at 151, 362 S.E. 2d at 613.

We agree that defendants have no legal duty to convey the property to plaintiff. "Our Court has consistently held that a condition annexed to the creation of an estate in fee simple disabling the conveyee from alienating it for any period of time is void as a restraint on alienation." *Crockett v. Savings & Loan Assoc.*, 289 N.C. at 623, 224 S.E. 2d at 583. This does not end the inquiry, however. The question whether defendants had an equitable duty to convey the property to plaintiff remains.

Plaintiff seeks the remedy of a constructive trust.

> A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. . . . [A] constructive trust is a fiction of equity, brought into operation to prevent unjust enrichment through the breach of some duty or other wrongdoing. It is an obligation or relationship imposed irrespective of the intent with which such party acquired the property, and in a well-nigh unlimited variety of situations. . . . [T]here is a common, indispensable element in the many types of situations out of which a constructive trust is deemed to arise. This common element is some fraud, breach of duty or other wrongdoing by the holder of the property, or by one under whom he claims
> . . . .

*Wilson v. Development Co.*, 276 N.C. 198, 211-12, 171 S.E. 2d 873, 882 (1970). This equitable device belies its name, for no ongoing trust relationship is created when a court imposes a constructive trust.

> [T]he constructive trust plaintiff wins an *in personam* order that requires the defendant to transfer specific property in some form to the plaintiff. When the court decides that the defendant is obliged to make restitution, it first declares him to be constructive trustee, and then orders him[,] as trustee, to make a transfer of the property to the beneficiary of the constructive trust, the plaintiff.

D. Dobbs, *Remedies* § 4.3, at 241 (1973). Thus, imposing a constructive trust here would, in effect, result in specific perform-

ance of the settlement agreement. Defendants would be declared constructive trustees of the one acre tract and ordered to convey it to plaintiff.

Defendants argue that the absence of fraud defeats plaintiff's request for a constructive trust. We disagree. A constructive trust is imposed "to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty *or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." Wilson v. Development Co.*, 276 N.C. at 211, 171 S.E. 2d at 882 (emphasis added). "Inequitable conduct short of actual fraud will give rise to a constructive trust where retention of the property by the holder of the legal title would result in his unjust enrichment." 4A R. Powell, *Powell on Real Property* § 596[1], at 48-23 (1986). Fraud need not be shown if legal title has been obtained in violation of some duty owed to the one equitably entitled. *Electric Co. v. Construction Co.*, 267 N.C. 714, 719, 148 S.E. 2d 856, 860 (1966).

> A constructive trust * * * is a trust by operation of law which arises contrary to intention . . . against one who * * * *in any way* against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.

*Id.* (emphasis added) (quoting 54 Am. Jur. *Trusts* § 218 (1945) ). *See also Speight v. Trust Co.*, 209 N.C. 563, 566, 183 S.E. 734, 736 (1936) (equity impresses constructive trust where legal title obtained by violation of fiduciary relationship or "*in any other unconscientious manner*") (emphasis added). "On the whole . . . the constructive trust is seen by American courts today as a remedial device, to be used *wherever specific restitution in equity is appropriate on the facts." D. Dobbs, Remedies* § 4.3, at 246 (emphasis added). Thus, if imposition of a constructive trust is appropriate on the facts, we need not determine whether actual fraud has been established.

The undisputed facts here present a compelling case for application of the constructive trust remedy. Defendants were engaged in litigation with plaintiff's grandmother over entitlement to 136 acres of land. The agreement settling this litigation reserved to the grandmother ultimate control over entitlement to

only one acre, more or less, of the 136 acre tract. Defendants received the remainder, as well as rights in the one acre during the lifetime of the grandmother, in exchange for their agreement to convey the one acre tract as the grandmother by will might direct. To permit defendants to retain the extensive benefits they received in the bargained-for settlement, while refusing to perform the apparently meager concession they made in the process, would unjustly enrich defendants, *Wilson v. Development Co.*, 276 N.C. at 211, 171 S.E. 2d at 882, and would be manifestly "against equity and good conscience." *Electric Co. v. Construction Co.*, 267 N.C. at 719, 148 S.E. 2d at 860. "Equity applies the principles of constructive trusts wherever it is necessary for the obtaining of complete justice . . . ." *Speight v. Trust Co.*, 209 N.C. at 566, 183 S.E. at 736. Complete justice clearly cannot be obtained if defendants are permitted, to plaintiff's detriment, to retain title to the one acre tract which they bargained away in exchange for un contested title to the remaining 135 acres originally in dispute.

Accordingly, the decision of the Court of Appeals is reversed. The cause is remanded to the Court of Appeals for further remand to the Superior Court, Randolph County, for entry of an order declaring defendants constructive trustees of the one acre tract, more or less, and requiring them to convey said tract to plaintiff as provided in the settlement agreement and deed.

Reversed and remanded.