THOMAS J. GRAHAM AND WIFE, MARY FRANCES GRAHAM, PLAINTIFFS V.
CHARLES MARTIN AND WIFE, EVELYN MARTIN, DEFENDANTS

No. COA01-541

(Filed 16 April 2002)

**1. Unjust Enrichment— oral contract to sell land—improvements**

There was sufficient evidence for the court to find in a nonjury trial arising from an oral contract to sell land that defendants would be unjustly enriched by plaintiffs' ejection from the land where plaintiffs paid $17,626 toward the land and mobile home, installed a well and septic system, landscaped the property and erected outbuildings, and underpinned and permanently attached the double-wide mobile home to the property.

**2. Unjust Enrichment— remedy—constructive trust**

The trial court erred by imposing a constructive trust as a remedy for unjust enrichment in an action arising from an oral contract to sell land. While a constructive trust can be the proper remedy to prevent unjust enrichment, absent more it cannot be used to bypass the Statute of Frauds. Here, there was no fraud or improper conduct associated with defendants' acquisition of the property; they merely refused to sell it pursuant to an unenforce-

able contract. Defendants are liable for the reasonable value of the goods and services plaintiffs rendered to them.

**3. Trials— consolidation—required for ruling in parallel case**

The trial court erred by declaring moot a summary ejection action which was not before it in an action to enforce an oral contract to sell land. If a trial court wishes to rule in a parallel case, it must first consolidate the cases pursuant to Rule 42.

Appeal by defendants from judgment entered 18 December 2000 by Judge Lillian B. Jordan in Moore County District Court. Heard in the Court of Appeals 13 February 2002.

*Thigpen & Jenkins, by Arthur A. Donadio, for plaintiff-appellees.*

*Gill & Tobias, LLP, by Douglas R. Gill, for defendant-appellants.*

HUNTER, Judge.

Charles Martin and wife, Evelyn Martin ("defendants") appeal from a judgment imposing a constructive trust and ordering defendants to execute a deed to Thomas J. Graham and wife, Mary Frances Graham ("plaintiffs") for the 10.51 acres of land upon which plaintiffs live and which is currently titled in the names of defendants. This transfer is to take place upon payment by plaintiffs to defendants of the sum of $28,474.00. For the reasons stated herein we reverse the trial court's ruling and remand the case for a retrial on the issue of damages for unjust enrichment.

Defendants entered into an oral agreement to sell a parcel of land to plaintiffs in July, 1993. At defendants' request, plaintiffs had the parcel surveyed where it was determined to consist of 10.51 acres. While the parties agree that the price was to be $500.00 per acre, there is disagreement over the interest rate that was to be charged and there was no discussion of the length of time over which the payments were to be made. In addition, defendants purchased a mobile home for $34,550.00 and had the title placed in the names of plaintiffs pursuant to an oral agreement to repay defendants. There was no discussion of the applicable interest rate or other payment terms for the mobile home.

Plaintiff Mary Graham worked for defendant Charles Martin for eight years, starting in 1992. She was fired after filing the lawsuit in question. Rather than require plaintiffs to make regular monthly pay-

ments, Mr. Martin kept Ms. Graham's paychecks as payment for the land and the mobile home.

Plaintiffs repeatedly requested that the oral agreement for the land be put into writing, but defendants kept delaying. In 1998, plaintiffs refused to continue to make payments until the agreement was put into writing. To date, plaintiffs have paid a total of $17,626.00 towards the land and mobile home. In addition to making payments, plaintiffs improved the tract by installing a well, septic system, landscaping, erecting outbuildings and underpinnings, and permanently attaching the mobile home to the property based upon defendants' promise that they would convey the land to them. There is disagreement over who paid for all of these improvements, and how much was paid.

In May 1998, plaintiffs' attorney drafted a letter to defendants requesting that they provide a warranty deed to plaintiffs in exchange for a deed of trust. Mr. Martin noted on the letter that "when the appropriate time comes for papers to be drawn up my lawyer will take care of the matter." On 11 August 1999, plaintiffs filed this action against defendants, attempting to have the oral agreement for the purchase of the land enforced, and title transferred to them. On 7 February 2000, defendants filed a summary ejectment proceeding against plaintiffs.

The case was tried without a jury on 27 November 2000. The trial court found that the oral agreement for the purchase of the land was not enforceable because it was in violation of the Statute of Frauds. However, the trial court also found that due to the improvements to the land and other monies paid by plaintiffs, defendants would be unjustly enriched if defendants were allowed to simply put the plaintiffs off the land.

The trial court ruled that the plaintiffs are to have a constructive trust in the 10.51 acres of land and that the defendants are to execute a deed to the plaintiffs for that land upon payment by plaintiffs of $28,474.00, which was the remaining balance, plus interest, owed for the land and mobile home. Finally, the trial court declared the summary ejectment proceeding moot and ordered any funds held by the Clerk of Superior Court of Moore County returned to plaintiffs. Defendants appeal.

Defendants bring forth six assignments of error on appeal: (1) the trial court's finding that Ms. Graham's salary was kept as payment for

the land and mobile home; (2) the trial court's finding that plaintiffs improved the property based on defendant's promise that the land would be theirs; (3) the trial court's finding that defendants would be unjustly enriched if they were able to simply put plaintiffs off the land; (4) the trial court's imposition of a constructive trust on the land in question; (5) the trial court's order that defendants must execute a deed to plaintiffs upon payment by plaintiffs of $28,474.00; and (6) the trial court's order declaring the summary ejectment proceeding moot.

Defendants do not argue assignments of error (1) and (2) in their brief, therefore these assignments of error are deemed abandoned. *See* N.C.R. App. P. 28(a).

## I.

[1] Defendants first argue that the trial court could not properly conclude that defendants would be unjustly enriched if they were simply allowed to put the plaintiffs off the land. Defendants base their argument on the lack of a specific finding as to the difference between the value of what plaintiffs have provided defendants and the value defendants have provided plaintiffs. Defendants point out the conflicting testimony about who actually paid for the improvements, and the lack of a determination of the cost of the improvements. The trial court found that the plaintiffs had improved the acreage "considerably" and that defendants would be unjustly enriched as a result if plaintiffs were simply put off of the land.

When a trial is held without a jury, the trial court's findings of fact are equivalent to a verdict by a jury and are conclusive on appeal unless there is no evidence to support them. *Williams v. Insurance Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975). This is true even though the evidence may also sustain findings to the contrary. *Id.*

In this case, there was sufficient evidence for the trial court to find that defendants would be unjustly enriched as a result of plaintiffs ejection from the land. The trial court found that the plaintiffs have already paid defendants $17,626.00 for the land and mobile home, and that "[t]he plaintiffs have improved the acreage considerably by installing a well and septic system, landscaping, erecting out buildings [sic], and underpinning and permanently attaching the double wide mobile home to the property." However, for the reasons stated in II below, the trial court's remedy was improper. As this assignment of error only relates to the finding of unjust enrichment, and not the remedy, this assignment of error is overruled.

II.

[2] Defendants next argue that the remedy imposed by the trial court, a constructive trust and ordering the transfer of title upon payment of $28,474.00, is not appropriate. We agree.

Plaintiffs presented two exhibits to the trial court as evidence of a written contract sufficient to satisfy the Statute of Frauds. At the hearing on defendants' N.C.R. Civ. P. 12(b)(6) Motion to Dismiss plaintiffs' claims, the trial court concluded that these exhibits were not sufficient and "[a]ny alleged agreement to convey the property to the Plaintiffs is unenforceable and void under the Statute of Frauds." The trial court allowed the cause of action to proceed on the other claims. After the trial, the trial court again found:

> Although the parties have an agreement for the plaintiffs to purchase the 10.51 acres of land, said agreement is not enforceable since it is not in writing and to enforce it would be in violation of the Statute of Frauds.

However, even though the trial court acknowledges that enforcement would be in violation of the Statute of Frauds, a constructive trust was imposed requiring defendants to convey the property upon plaintiffs' payment of the remaining monies due under the oral agreement, calculated at $28,474.00. In justifying this remedy, the trial court found:

> Due to all the monies paid and improvements made by the plaintiffs, the defendants would be unjustly enriched if they were allowed to simply put the plaintiffs off the land.

While a constructive trust can be the proper remedy to prevent unjust enrichment, absent more it cannot be used to bypass the Statute of Frauds. *See Roper v. Edwards*, 323 N.C. 461, 373 S.E.2d 423 (1988); *Walker v. Walker*, 231 N.C. 54, 55 S.E.2d 801 (1949).

Generally a constructive trust is

> ". . . imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder *acquired* through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. . . ."

*Roper*, 323 N.C. at 464, 373 S.E.2d at 424-25 (emphasis added) (citation omitted). In the current case, there is no allegation of impropri-

ety in defendants' acquisition of the parcel they are refusing to sell. We can find no reported cases in North Carolina, and plaintiffs concede that they believe there to be none, in which a constructive trust has been imposed absent some fraudulent or improper *acquisition* of property.

Even if we were to allow a constructive trust absent improper acquisition of property, our Supreme Court's decision in *Walker* makes it clear that a constructive trust cannot be based upon an unenforceable oral agreement. *See Walker*, 231 N.C. at 56, 55 S.E.2d at 802. In *Walker*, the defendant and his father had an oral agreement for the defendant to transfer title of land back to the father for $300.00. The defendant was to destroy the unrecorded deed executed previously transferring the land from his father to the defendant. The father paid the money and retook possession of the land. However, upon the father's death, the defendant refused to complete the transaction and recorded the deed for registration. *Id.* at 56, 55 S.E.2d at 802. In an action by the heirs to have the transaction completed by a constructive trust, the Supreme Court held:

> In disavowing the contract and refusing to abide by its terms, defendant was exercising a legal right and his exercise of a legal right in a lawful manner cannot be made the basis of a charge of fraud such as would impress a trust upon his title to the property.

> Even if we accept plaintiffs' version of the transaction, defendant's promissory representations created no right in equity and cannot serve to vest in plaintiffs any interest in the land in the form of any type of trust known to equity jurisprudence. Certainly they are insufficient to constitute a conveyance recognized in law. Real estate is not conveyed in that manner.

*Id.* Here, the contract was unenforceable under the Statute of Frauds and defendants were merely exercising their legal right in disavowing the contract.

Our Supreme Court in *Roper* did recognize that there can be an equitable duty to convey property even if there is no legal duty to convey the property. *Roper*, 323 N.C. at 465-66, 373 S.E.2d at 425-26. However, *Roper* is distinguishable. In *Roper*, the plaintiff's grandmother had a dispute with the defendants over entitlement to 136 acres of land. Pursuant to a settlement agreement, plaintiff's grandmother conveyed the 136 acres of land to defendants in fee simple absolute, with the exception of one acre which was not to be sold or

encumbered by the defendants prior to the grandmother's death and was to be conveyed as the grandmother specified in her will. The plaintiff's grandmother directed the one acre to be conveyed to plaintiff. After the grandmother died, the defendants refused to convey the one acre to plaintiff. *Id.* at 462-63, 373 S.E.2d at 423-24. Our Supreme Court noted that the defendants had no legal duty to convey the land because it represented a prohibited restraint on alienation. *Id.* at 464, 373 S.E.2d at 424. However, the Court recognized that there was an equitable duty to convey because the defendants *acquired* the land pursuant to a settlement agreement and that it would be inequitable for the defendants to continue to retain the land against the claim of the beneficiary of the constructive trust. *Id.*

The key in *Roper* was the manner in which the defendants *acquired* the property subject to the constructive trust. Again, there is no allegation of impropriety in defendants' acquisition of the property in question; they merely refused to sell it pursuant to an unenforceable oral agreement.

The facts of *Fulp v. Fulp*, 264 N.C. 20, 140 S.E.2d 708 (1965), are similar to those in this case as well. In *Fulp*, the defendant had orally promised to convey a one-half interest in land to plaintiff in exchange for money. The Court ruled that the contract was unenforceable under the Statute of Frauds and further that plaintiff had no equitable title to the land necessary for a constructive trust because plaintiff's money was not used to acquire title to the land. *Id.* at 23, 140 S.E.2d at 711. However, when defendant refused to fulfill the contract, he became liable to plaintiff for the monies received under it. *Id.*

In this case, a constructive trust is improper because defendants had no legal duty to convey the 10.51 acres to plaintiffs and there was no fraud or other improper conduct associated with defendants' acquisition of the 10.51 acres. If defendants would be unjustly enriched by plaintiffs' eviction due to payments and improvements made under the oral agreement, defendants are liable to plaintiffs for that unjust enrichment. This case is remanded for the trial court to make appropriate findings on the issue of unjust enrichment and conclusions as to what amount plaintiffs are entitled to recover, that is, the reasonable value of the goods and services plaintiffs rendered to defendants. *See Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (measure of damages for unjust enrichment is the reasonable value of goods and services rendered), *reh'g denied*, 323 N.C. 370, 373 S.E.2d 540 (1988).

**[3]** Defendants' final argument is that the trial court had no authority to declare the separate summary ejection proceeding moot. Whether the separate action would have been moot or not, the trial court has no authority to render a decision in a case not before it. Both plaintiffs and defendants concede that this separate action could have been consolidated with the current case under N.C.R. Civ. P. 42; however, that was not done. If a trial court wishes to rule in a parallel case it must first consolidate the cases following the provisions of Rule 42. *See* N.C.R. Civ. P. 42(a). This assignment of error is sustained and the order declaring the separate action moot is reversed.

Reversed and remanded.

Judges WALKER and BRYANT concur.