UNITED CAROLINA BANK, Plaintiff v. KEVIN T. BROGAN and OAKWOOD HOMES CORPORATION, Defendants

KEVIN T. BROGAN, Plaintiff v. DONALD DRAGGOO INTERIORS, INC. d/b/a STATE STREET INTERIORS; MELIA CARDWELL DESIGNS, INC. d/b/a STATE STREET INTERIORS; MARION WESLEY INTERIORS, LTD. d/b/a STATE STREET INTERIORS; and STATE STREET INTERIORS, a partnership, Defendant

No. COA01-1540

(Filed 31 December 2002)

**1. Trusts— embezzlement—constructive trust on recovered funds**

The trial court properly placed a constructive trust in favor of an embezzlement victim on embezzled funds recovered by the embezzler in a breach of contract action against an interior design partnership with whom he had deposited a portion of the embezzled funds, rather than permitting the funds to be used to pay the embezzler's attorney fees in a prior action in which the victim obtained a judgment against the embezzler for the embezzled funds, where the embezzler's attorneys represented to the court that any judgment obtained in the action against the interior design partnership would be applied to the judgment in the victim's embezzlement case, and the trial court denied the victim's motion to intervene in the action against the interior design partnership based upon the representation.

**2. Attorneys— fees—attorney's lien**

The issue of whether a law firm perfected an attorney's lien was not reached where a constructive trust was impressed on the funds which had priority over any attorney's lien which may have been created.

Appeal by plaintiff, Kevin T. Brogan, from order entered 24 July 2001 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 12 September 2002.

*Hicks, McDonald & Noecher, L.L.P., by David W. McDonald, for plaintiff-appellant, Kevin T. Brogan.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Derek J. Allen, for defendant-appellee, Oakwood Homes Corporation.*

*Moss, Mason & Hill, L.L.P., by William L. Hill, for defendant-appellees, Donald Draggoo Interiors, Inc., et. al.*

CAMPBELL, Judge.

Kevin T. Brogan ("Brogan") was an employee of Oakwood Homes Corporation ("Oakwood"). From November 1996 through May 1997, Brogan forged the signature of his supervisor on purchase orders and submitted those purchase orders to Oakwood's accounts payable department causing Oakwood to issue checks payable to vendors that had not actually supplied services to Oakwood. Brogan further forged the endorsements of the fictitious payees, endorsed the checks on his own behalf, and deposited the checks in a United Carolina Bank ("UCB") checking account in his own name. The embezzled funds totaled $554,020.67. Brogan used some of these funds to place deposits with Donald Draggoo Interiors, Inc. d/b/a State Street Interiors, and related entities (collectively referred to as "State Street Interiors").

Brogan hired Hicks, McDonald, Allen, & Noecher, L.L.P., predecessor to Hicks, McDonald, & Noecher, L.L.P. ("Hicks McDonald"), to represent him in two civil matters. First, Hicks McDonald was hired to defend Brogan in a civil action initiated by UCB ("the embezzlement litigation"). Second, Hicks McDonald was hired to pursue a breach of contract claim for Brogan against State Street Interiors to recover some of the embezzled funds ("State Street Interiors litigation"). Since UCB had frozen his bank accounts and his property, Brogan did not have funds available to pay for legal services. In a written agreement, Brogan agreed to pay his attorneys for their representation in both cases from any recovery he might receive from the State Street Interiors litigation.

On 11 July 1997, the embezzlement litigation began. UCB sought a declaratory judgment that it was not indebted to Brogan or Oakwood as a result of any actions that UCB took with respect to Brogan's deposit of the embezzled funds. UCB also asked the court to find Brogan liable to Oakwood for the total amount of the embezzled funds. In response, Oakwood filed an answer, counterclaim, and cross-claim asking the trial court to find UCB and Brogan liable to Oakwood in the amount of $554,020.67. UCB voluntarily dismissed its claims against Brogan, but a default judgment was entered against Brogan in favor of Oakwood in the amount of $554,020.67. The default judgment was subsequently modified by consent of the parties, but the principal amount of the judgment remained the same.

On 2 February 2000, Hicks McDonald filed a complaint on behalf of Brogan, commencing the State Street Interiors litigation. On 12 December 2000, Oakwood moved to intervene, but its motion was denied because the court found as a fact that Oakwood's interest was adequately represented by Hicks McDonald, and that "[t]he purpose of [the State Street Interiors litigation] is to claim and collect money judgment in favor of Brogan against defendants, for application toward the judgment in [the embezzlement case] in favor of Oakwood." The dispute was settled, and a judgment against State Street Interiors was entered in the amount of $26,934.98. A consent order disbursed money in the following way: Hicks McDonald received fees and costs for its representation in this case totaling $9,992.18; Oakwood received $7,572.80. The remaining $9,370.00 of the State Street Interiors settlement is in question. The trial court ordered that this money be turned over to Oakwood in partial satisfaction of Oakwood's judgment against Brogan.

Hicks McDonald asserts that it is entitled to the money because it has a valid attorney's lien against the proceeds recovered as a result of the attorneys' efforts and that this lien is superior to the claims of Oakwood, a judgment creditor. In contrast, Oakwood argues that the funds are Oakwood's rightful property, alternatively, a constructive trust should be imposed by the court to return these funds to Oakwood.

[1] First, we address Oakwood's argument of a constructive trust. Hicks McDonald asserts that this Court may not impose a constructive trust because Oakwood did not ask the trial court for a constructive trust. "It is true that a claimant may expressly sue to establish a constructive trust, based on a legal theory justifying its creation. It is not necessary, however, for a claimant to expressly seek the creation of a constructive trust for a court to do equity." *Weatherford v. Keenan*, 128 N.C. App. 178, 179, 493 S.E.2d. 812, 813 (1997). Therefore, we address whether a constructive trust is proper in the case at bar.

"[A] constructive trust 'arises when one obtains the legal title to property in violation of a duty he owes to another. Constructive trusts ordinarily arise from actual or presumptive fraud and usually involve the breach of a confidential relationship.' " *Patterson v. Strickland*, 133 N.C. App. 510, 521, 515 S.E.2d 915, 921 (1999) (quoting *Fulp v. Fulp*, 264 N.C. 20, 22, 140 S.E.2d 708, 711 (1965)).

[A] constructive trust is ' . . . imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust.'

*Graham v. Martin,* 149 N.C. App. 831, 835, 561 S.E.2d 583, 586 (2002) (quoting *Roper v. Edwards,* 323 N.C. 461, 464, 373 S.E.2d 423, 424-25 (1988)).

The circumstances of this case warrant recovery for Oakwood through a constructive trust. Brogan embezzled money from Oakwood and used part of the funds to make a deposit with State Street Interiors. Hicks McDonald represented to the trial court that they would present to the trier of fact "that the money deposited with State Street Interiors was money of Oakwood Homes Corporation" and that any judgment obtained by Brogan would be transferred to Oakwood for application toward the judgment against Brogan in the embezzlement suit. Relying on this representation, the trial court denied Oakwood's motion to intervene in the State Street Interiors litigation. After deducting attorneys fees and costs, rather than applying the remaining judgment in favor of Oakwood, Hicks McDonald seeks payment for their defense of Brogan in the embezzlement lawsuit. In other words, Hicks McDonald is asking Oakwood to pay for their defense of Brogan's embezzlement with the embezzled money. Here, since Brogan obtained the money through fraud, it would be inequitable to permit him to pay the debt he owes his attorney with these embezzled funds. Instead, equity demands that these funds be impressed with a constructive trust in favor of Oakwood.

[2] Hicks McDonald also asserts that they have a perfected attorney's lien that takes priority over all other claims to the remaining funds. However, since the constructive trust arose when Brogan embezzled the funds, the constructive trust has priority over any attorney's lien which may have been created by Hicks McDonald. *See Patterson,* 133 N.C. App. at 521, 515 S.E.2d at 921. Therefore, we need not reach the issue of whether Hicks McDonald had, in fact, perfected an attorney's lien.

In summary, we hold that the trial court was correct in ordering that the embezzled funds be returned to Oakwood, in that the funds were impressed with a constructive trust in favor of Oakwood.

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.