DILLON, Judge.
 

 *312
 
 Pamela C. Barrett ("Plaintiff") appeals from an order granting Nancy Coston's ("Defendant") motion to dismiss and denying Plaintiff's motion for summary judgment as moot. After careful review, we affirm the decision of the trial court.
 

 I. Background
 

 This case concerns two pieces of real property, (1) a house in Atlantic Beach ("the House") and (2) a condominium unit in Indian Beach ("the Condo"), each formerly owned by Donald C. Clements, Jr. (the "Decedent"), who died in 2016.
 

 Plaintiff is the Decedent's sister. Defendant is the Decedent's wife's sister.
 

 The Decedent and his wife did not have children. They owned the House and the Condo. At some point, the Decedent's wife died, at which point the Decedent became the sole owner of the House and the Condo.
 

 In 2012, the Decedent executed a will (the "2012 will") which expressly left the House to Defendant (his wife's sister) and which left the residue of his estate (which, as of 2012, would have included the Condo) to Plaintiff (his sister).
 

 There was evidence that sometime after 2012, but prior to the Decedent's death in 2016, the Decedent had verbal communications with Plaintiff and Defendant to change who would ultimately receive the House and who would receive the Condo. There was evidence that the Decedent gave Defendant the choice between the House and the Condo and that Defendant told the Decedent that she preferred
 
 *313
 
 the Condo. There was evidence of an oral agreement or understanding that Defendant would receive the Condo and Plaintiff would receive the House, contrary to the terms of the Decedent's 2012 will.
 

 In any event, in June 2016, five months before his death, the Decedent executed and delivered a deed conveying the Condo to Defendant (the "2016 deed"). But the Decedent never executed a deed conveying the House to Plaintiff nor did he ever amend his will to leave the House to Plaintiff rather than to Defendant.
 

 In December 2016, the Decedent died. Therefore, as a result of the 2012 will, Defendant received the House. And as a result of the deed, Defendant also received the Condo. Plaintiff only received the property that remained in the residue of the Decedent's estate.
 

 Plaintiff commenced this action claiming that she is entitled to the House, as this was the Decedent's intent.
 

 Defendant moved to dismiss Plaintiff's action, and Plaintiff moved for partial summary judgment. After a hearing on the matter, the trial court entered an order granting Defendant's motion to dismiss and denying Plaintiff's motion for partial summary judgment. Plaintiff timely appealed.
 

 II. Discussion
 

 On appeal, Plaintiff challenges the trial court's order dismissing her claims. At the outset, we note that the trial court, in its order, stated that it considered not only the pleadings, but also other materials presented by the parties, which included a number of affidavits. Accordingly, Defendant's Rule 12(b)(6) motion to dismiss is more properly characterized as a Rule 56 motion for summary judgment. See N.C. R. Civ. P. 12(b) (stating that if "matters outside the pleadings" are presented and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56"). Our standard of
 
 *575
 
 review of an appeal from summary judgment "is de novo; [and that] such judgment is appropriate only when the record shows that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law."
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (internal marks omitted).
 

 Plaintiff argues that there is an issue of fact that she is entitled to the House, notwithstanding the 2012 will where the Decedent left the House to Defendant. Plaintiff bases her argument on three separate legal theories discussed below. However, all three theories are based on parol evidence, namely, oral communications among Plaintiff, Defendant, and
 
 *314
 
 the Decedent in which there was allegedly some agreement or understanding among the three that Plaintiff would receive the House and Defendant would receive the Condo. It may be quite probable that the Decedent
 
 intended
 
 for Plaintiff (his sister) to receive the House and Defendant (his wife's sister) to receive the Condo, and
 
 not
 
 for Defendant to receive both. But, for the following reasons, we must affirm the order of the trial court, which concluded that Defendant is the lawful owner of both properties.
 

 First, we conclude that Plaintiff's arguments all run counter to our Statute of Frauds, codified in
 
 N.C. Gen. Stat. § 22-2
 
 . Defendant's title to the Condo and title to the House are based on written instruments signed by the Decedent; namely, her title to the Condo is based on the 2016 deed, and her title to the House is based on the 2012 will. However, Plaintiff's title to the House, according to her complaint, is based entirely on parol evidence. Our Statute of Frauds, though, requires that "[a]ll contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them ... shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." N.C. Gen. State § 22-2 (2015). As it has been said:
 

 There is no stake for which men will play so desperately. In men and nations there is an insatiable appetite for lands, for the defence or acquisition of which money, and even blood, sometimes are poured out like water. The evidence of land title ought to be as sure as human ingenuity can make it. But if left to parol, nothing is more uncertain, whilst the temptations to perjury are proportioned to the magnitude of the interest. The infirmity of memory, the honest mistakes of witnesses, and the misunderstanding of parties, these are the elements of confusion and discord which ought to be excluded.
 

 James A. Webster, Jr. et al.,
 
 Webster's Real Estate Law in North Carolina
 
 § 9.06 (2018), (quoting
 
 Moore v. Small
 
 ,
 
 19 Pa. 461
 
 , 465 (1852) )
 

 Our Supreme Court has held that an agreement to devise real property falls within the Statute of Frauds.
 
 Jamerson v. Logan
 
 ,
 
 228 N.C. 540
 
 , 542,
 
 46 S.E.2d 561
 
 , 563 (1948). As such, as our Supreme Court has held, "an oral contract to convey or to devise real property is void by reason of the statute of frauds."
 
 Pickelsimer v. Pickelsimer
 
 ,
 
 257 N.C. 696
 
 , 698,
 
 127 S.E.2d 557
 
 , 559 (1962).
 

 *315
 
 Plaintiff claims she should receive the House based on a theory that Defendant has been unjustly enriched. Our Supreme Court has held that "a person who has been unjustly enriched at the expense of another is required to make restitution to the other."
 
 Booe v. Shadrick
 
 ,
 
 322 N.C. 567
 
 , 570,
 
 369 S.E.2d 554
 
 , 555-56 (1988). Plaintiff contends that Defendant has been unjustly enriched at her expense because Defendant received the House which should have been left to Plaintiff.
 

 Our Supreme Court, though, has held that to make out a claim for unjust enrichment, the plaintiff must show that she conferred a benefit on the other party.
 
 Id
 
 . But, here, all the evidence showed that Plaintiff did not confer any benefit on Defendant. Plaintiff did not own the House. She had no legal right to the House based on some oral promise by the Decedent that he would leave it to her. Rather, the benefit was allegedly conferred upon Defendant by the Decedent.
 

 We therefore conclude that Plaintiff's claim based on unjust enrichment fails as a matter law.
 

 *576
 
 Plaintiff next claims that Defendant merely holds the House in constructive trust for her. Generally, a constructive trust is "imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder
 
 acquired
 
 through fraud, breach of duty or some other circumstance making it inequitable for [her] to retain it against the claim of the beneficiary of the constructive trust."
 
 Roper v. Edwards
 
 ,
 
 323 N.C. 461
 
 , 464,
 
 373 S.E.2d 423
 
 , 424-25 (1988) (emphasis added) (citation omitted). But a constructive trust cannot be based upon an unenforceable oral agreement.
 
 Walker v. Walker
 
 ,
 
 231 N.C. 54
 
 , 56,
 
 55 S.E.2d 801
 
 , 802 (1949). Here, Plaintiff's evidence failed to show that Defendant
 
 acquired
 
 the House through fraud, breach of duty, or other wrongdoing. Rather, she received it through a legacy in the Decedent's 2012 will. When the Decedent executed the 2016 deed, conveying the Condo to Defendant, the Decedent still owned the House. The House was his to do with as he pleased. He could have given it or left it to Plaintiff. He chose not to deed it to Plaintiff during his lifetime, and he chose not to modify his 2012 will. We, therefore, conclude that the trial court correctly determined that there was no constructive trust imposed through the 2012 will as a matter of law.
 

 Finally, Plaintiff argues that the 2016 deed should be reformed based on mutual mistake. We have held that "[m]istake as a ground for relief should be alleged with certainty, by stating the facts showing mistake."
 
 Van Keuren v. Little
 
 ,
 
 165 N.C. App. 244
 
 , 249,
 
 598 S.E.2d 168
 
 , 171 (2004). Our Supreme Court has held that:
 

 *316
 
 The party asking for relief, by reformation of a deed or written instrument, must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties to be incorporated in the deed or instrument as written; and, second, that such stipulation was omitted from the deed or instrument as written by
 
 mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draftsman.
 
 Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument, because of the mistake, does not express the true intent of both parties. The mistake of one party to the deed or instrument alone, not induced by the fraud of the other, affords no ground for relief
 

 Matthews v. Shamrock Van Lines, Inc.
 
 ,
 
 264 N.C. 722
 
 , 725,
 
 142 S.E.2d 665
 
 , 668 (1965).
 

 Here, Plaintiff does not allege that the Decedent had intended to include in the 2016 deed a stipulation conveying the House to Plaintiff and that such stipulation was left out by mistake. Indeed, only Defendant is listed as a grantee. She only alleges that the Decedent was somehow mistaken that executing the 2016 deed was all he needed to do to carry out the entirety of the purported agreement between the parties.
 

 We conclude that the evidence raises no genuine issue of fact to rebut the presumption that the Decedent knew that the 2016 deed was only effective to convey the Condo to Defendant and that it did not convey the House to Plaintiff. All the evidence shows that he intended to convey the Condo to Defendant and that this conveyance was not a mistake. Rather, the "mistake" might have been that the Decedent
 
 thought
 
 his 2012 will already left the House to Plaintiff; or the mistake might have been that the Decedent never got around to amending his 2012 will. Maybe the Decedent made no mistake at all, but that he simply changed his mind and decided to leave both the House and the Condo to Defendant. In any case, Plaintiff has failed to create an issue regarding her claim based on mutual mistake.
 
 [1]
 

 III. Conclusion
 

 We are certainly sympathetic to Plaintiff's position. It seems likely that the Decedent meant to leave Plaintiff the House but that he simply
 
 *317
 
 never got around to change his will or execute a deed to carry out this intent. It may be that her brother thought that he already had taken care of it. But, under the facts of this case, there is simply no remedy available to Plaintiff. Through the 2016 deed, Defendant became the legal owner of the
 
 *577
 
 Condo, as was the clear intent of the Decedent. And when the Decedent died later in 2016, Defendant became the legal owner of the House, by virtue of the Decedent's 2012 will. There is no evidence that Defendant, otherwise, acquired the House through fraud or the breach of some duty. Our law and strong public policy demand that we enforce the 2012 will and the 2016 deed as written, notwithstanding parol evidence suggesting that the Decedent, at some point late in his life, had expressed an intention that Plaintiff would receive his House at his death.
 

 AFFIRMED.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 Plaintiff also made a claim for punitive damages. But as she has failed to prove compensatory or nominal damages, her claim for punitive damages must fail. N.C. Gen. Stat. § 1D-15(a).