ELIZABETH ELSIE UPCHURCH v. JAMES ELMON UPCHURCH AND JAMES E. UPCHURCH, JR.

No. COA95-643

(Filed 2 April 1996)

**1. Divorce and Separation § 119 (NCI4th)— property titled in third persons—marital property**

Property titled in the name of a person other than the parties to the marriage can be "marital property" within the meaning of

UPCHURCH v. UPCHURCH

[122 N.C. App. 172 (1996)]

N.C.G.S. § 50-20, since both legal and equitable interests in real and personal property are subject to distribution under that statute, and an equitable interest in property can be established in express, resulting, and constructive trusts.

**Am Jur 2d, Divorce and Separation §§ 878-880, 896.**

**Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.**

2. **Divorce and Separation § 172 (NCI4th)— equitable distribution—third party as necessary party**

When a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with the participation of such party being limited to the issue of the ownership of that property.

**Am Jur 2d, Divorce and Separation §§ 878-880, 896.**

**Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.**

3. **Divorce and Separation § 119 (NCI4th)— bonds and notes titled in names of third parties—marital property—insufficiency of findings to support conclusion**

The findings of the trial court were insufficient to support its conclusion that bonds and notes titled either partly or wholly in the names of third parties were marital properties.

**Am Jur 2d, Divorce and Separation §§ 878-880, 896.**

**Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.**

Appeal by defendants from order entered 7 February 1995 in Durham County District Court by Judge Richard G. Chaney. Heard in the Court of Appeals 28 February 1996.

*Harriss, Embree & Marion, P.L.L.C., by Joseph W. Marion, for plaintiff-appellee.*

*E.C. Harris for defendant-appellant James Elmon Upchurch, Sr.*

*Browne, Flebotte, Wilson & Horn, P.L.L.C., by Daniel R. Flebotte, for defendant-appellant James E. Upchurch, Jr.*

GREENE, Judge.

James Elmon Upchurch, Sr. (Husband) and James E. Upchurch, Jr. (Son) (collectively defendants) appeal an equitable distribution order entered 7 February 1995 pursuant to an action filed by Elizabeth Elsie Upchurch (Wife) for equitable distribution.

The complaint seeking equitable distribution names both Husband and Son as party defendants and in pertinent part alleges that the ownership of certain municipal bonds and notes is "intertwined between" Husband and Son and that Son "is a necessary party." The complaint prayed, among other things, that the trial court enter an order "determining which [of these intertwined] assets, or portion of such assets . . . are marital property." Husband and Son filed an answer denying the allegations of the complaint.

After hearing evidence offered by all the parties, the trial court noted its "difficulty ascertaining the assets of [Husband], and the mingling of [Husband's] assets with those of [Son] and possibly of Jack Upchurch." The trial court found as a fact that "there is a significant possibility" that some of the transactions of Husband were "a sham." The trial court then concluded, after "giving the benefit of [the] doubt" to Wife, that the following items of personal property were either entirely or partially marital property: (1) the municipal bonds titled in the Son's name; (2) the note executed by Paul McGhee and Brenda Vaughan to Husband and Son; (3) the note executed by Marlene Harmon to Husband "or" Jack A. Upchurch; (4) the note executed by John Houk to Husband and Son; and (5) the note executed by Phillip Arnold to Husband "or" Son. The trial court then valued and distributed these and other marital assets.

The issues are (I) whether property titled in the name of a person other than the parties to the marriage can be "marital property" within the meaning of section 50-20; (II) if so, whether the titled or legal owner of those properties is a necessary party to the equitable

distribution proceeding; and (III) whether the findings in this case support the conclusion that the bonds and notes titled in the names of third parties are marital properties.

I

[1] Our equitable distribution statute provides that the trial court is to classify, value and distribute the "marital property." N.C.G.S. § 50-20 (1995). Marital property is defined as "all real and personal property *acquired* by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently *owned*." N.C.G.S. § 50-20(b)(1) (emphasis added). Property "acquired" is property received or gained "in whatever manner," legal or equitable. *Black's Law Dictionary* 41 (4th ed. 1968). Property is "owned" if a person has either legal or equitable title. *Id.* at 1259. Thus, both legal and equitable interest in real and personal property are subject to distribution under section 50-20. *See Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 274 (Mo. App. 1979); *see also Wolf v. Wolf,* 514 A.2d 901, 904 (Pa. 1986).

In North Carolina an equitable interest in property can be established in several situations, namely express, resulting and constructive trusts. James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 28-1, at 1083 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 4th ed. 1994) [hereinafter *Webster's*]. An express trust is one "created by contract, express or implied." *Id.* A resulting trust is one "arising from the presumed intent of the parties at the time title is taken by one party under facts and circumstances showing that the beneficial interest in the real [or personal] property is in another." *Id.*; *see Mims v. Mims,* 305 N.C. 41, 46, 286 S.E.2d 779, 783 (1982). "A constructive trust is a duty . . . imposed by courts of equity to prevent the unjust enrichment of the holder of title to . . . property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it." *Roper v. Edwards,* 323 N.C. 461, 464, 373 S.E.2d 423, 424-25 (1988) (quoting *Wilson v. Development Co.,* 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970)). It is not necessary to show fraud in order to establish a constructive trust. *Roper,* 323 N.C. at 465, 373 S.E.2d at 425. Such a trust will arise by operation of law against one who "*in any way* against equity and good conscience" holds legal title to property which he should not. *Id.* The burden is on the party wishing to establish a trust to show its existence by "clear, strong and convincing" evidence. *Webster's* § 28-5, at 1095; *Electric Co. v. Construction* Co., 267 N.C. 714, 719,

148 S.E.2d 856, 860 (1966); *see* George G. Bogart and George T. Bogart, *The law of Trusts and Trustees* § 472, at 44 (2d ed. revised 1978). The determination of whether a trust arises on the evidence requires application of legal principles and is therefore a conclusion of law. *See Quick v. Quick,* 305 N.C. 446, 452, 290 S.E.2d 653, 658 (1982).

## II

**[2]** "When a person is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence, such person is a necessary party to the action." *Strickland v. Hughes,* 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968); *see* N.C.G.S. § 1A-1, Rule 19(b) (1990). It thus follows that when a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property. *Ravenscroft,* 585 S.W.2d at 274; *see generally* Frank D. Wagner, Annotation, *Propriety of Consideration of, and Disposition as to, Third Persons' Property Claims in Divorce Litigation,* 63 A.L.R.3d 373 (1975); *see Swindell v. Lewis,* 82 N.C. App. 423, 426, 346 S.E.2d 237, 240 (1986) (heirs of deceased spouse necessary parties to equitable distribution proceeding). Otherwise the trial court would not have jurisdiction to enter an order affecting the title to that property. *See Lucas v. Felder,* 261 N.C. 169, 171, 134 S.E.2d 154, 155 (1964).

## III

**[3]** In this case, the conclusions of the trial court are silent on whether Wife met her burden of showing a trust for the benefit of the marital estate with regard to the various bonds and notes. Even if such a conclusion is implied, the findings do not reflect that a trust was established by clear and convincing evidence. Indeed, the findings suggest that although the trial court believed there was only a "possibility" that a trust existed for the marital estate, it proceeded to resolve any doubts in the evidence in favor of Wife. This was error and requires that the conclusion that the bonds and notes are marital property be reversed and remanded. On remand, the trial court shall reconsider the evidence, with respect to the bonds and notes, in light of this opinion and enter a new equitable distribution order.

We do observe that one of the notes distributed by the trial court was executed for the benefit of Husband "or" Jack A. Upchurch. To

the extent of Jack A. Upchurch's interest in this note, N.C.G.S. § 25-3-110(d) (1995) (where instrument is payable to persons alternatively, it is payable to any of them), the trial court is without jurisdiction to adjudicate that interest because he is not a party to this action.

We have reviewed the other assignments of error raised by Husband and Son and overrule them.

Affirmed in part, reversed in part, and remanded.

Judges LEWIS and SMITH concur.