CRISP v. CRISP

[126 N.C. App. 625 (1997)]

———————————

ANTONIA AYERS CRISP, Plaintiff v. DARRELL CRISP, Defendant

No. COA96-848

(Filed 1 July 1997)

**1. Divorce and Separation § 121 (NCI4th)— equitable distribution—land transferred from one party's parents—marital property**

The trial court did not err by classifying a tract as marital property in an equitable distribution action where defendant's father had told him that he would give land to him if he would build a house on it, defendant did so at his expense before he married, the land remained in the names of his parents, defendant learned that he needed to have the property deeded in his name when he applied for a home equity loan, he told his parents to go by and sign the deed at the office of the lawyer doing the loan closing, the parents signed a deed conveying the property to defendant and plaintiff in the entireties, defendant had not seen the deed before it was signed, he testified that his only intention

CRISP v. CRISP

[126 N.C. App. 625 (1997)]

was to obtain the loan and that he had not intended to give the property to plaintiff, and the lawyer who prepared the deed testified that he was instructed by defendant's mother or father to put plaintiff's name on the deed. There is competent evidence in the record that defendant's parents intended to make a gift to the marital estate and the court rejected defendant's evidence and determined that the land was acquired by both parties during the marriage. Because there is evidence in the record to support the findings, those findings are binding on appeal.

**Am Jur 2d, Divorce and Separation §§ 884-886.**

**Appointment or discharge of receiver for marital or community property necessitated by suit for divorce or separation. 15 ALR4th 224.**

**Divorce—Equitable distribution doctrine. 41 ALR4th 481.**

**2. Divorce and Separation § 147 (NCI4th)— equitable distribution—medical debts for child of prior marriage—not adopted—not marital debt**

The trial court did not err by determining that medical bills were not marital debts in an equitable distribution action where the bills were incurred by defendant's daughter from a prior marriage who has never been adopted by plaintiff but who lived with plaintiff and defendant during the marriage. There was evidence in the record that the debts incurred for the benefit of the child were not for the joint benefit of the parties. The daughter was not plaintiff's biological child and plaintiff had not adopted her; thus, plaintiff, who stood *in loco parentis* to the child, had no legal obligation to provide medical care unless she specifically agreed to do so or the natural parents were unable to do so, and there was no such evidence in this case.

**Am Jur 2d, Divorce and Separation §§ 864, 915.**

**Divorce—Equitable distribution doctrine. 41 ALR4th 481.**

Judge WYNN dissenting.

Appeal by defendant from judgment filed 20 December 1995 in Graham County District Court by Judge Steven J. Bryant. Heard in the Court of Appeals 1 April 1997.

CRISP v. CRISP

[126 N.C. App. 625 (1997)]

*Sutton & Edmonds, by John R. Sutton, for plaintiff-appellee.*

*Coward, Hicks & Siler, P.A., by William H. Coward, for defendant-appellant.*

GREENE, Judge.

Darrell Crisp (defendant) appeals the equitable distribution judgment entered 19 December 1995. The defendant and Antonia Ayers Crisp (plaintiff) were married in July 1983 and separated in May of 1992. A judgment of divorce and equitable distribution was entered on 9 December 1995.

The defendant is the father of Pamela Crisp (Pamela), a daughter from a prior marriage, who has never been adopted by the plaintiff but who lived with the plaintiff and defendant during their marriage. During the marriage and prior to the defendant's and plaintiff's separation, debts for Pamela's scoliosis surgery and her contact lens insurance were incurred.

In 1975, Carmel Crisp (Carmel), the defendant's father, told the defendant that if he wanted to build a house on a tract of land (Robbinsville Tract) belonging to Carmel and Geneva Crisp (Geneva), his wife, (collectively defendant's parents) he would give the land to him. In 1976 the defendant constructed a house on the Robbinsville Tract at his own expense and moved into the house. At the time of the marriage, the defendant was living in the house but the land upon which the house was built remained in the names of the defendant's parents. In December of 1986 the defendant applied for a home equity loan collateralized by the Robbinsville Tract and learned that he needed to have the property deeded in his name. He told his parents that "they would need to go by and sign the deed" at the office of the lawyer who was doing the loan closing. On 31 December 1986 the defendant's parents signed a deed conveying the property to the defendant and plaintiff in the entireties. The defendant had not seen the deed before his parents signed the document. The defendant testified that his "only intention was to get a bank loan" and that he "had no intentions of giving the property to [plaintiff because] she didn't want it." Leonard W. Lloyd, the lawyer who prepared and executed the conveyance deed, testified that he was instructed by either Carmel or Geneva to put the name of the plaintiff on the deed. He further testified that he did not recall whether the defendant had instructed him to place the plaintiff's name on the deed at any point.

The trial court entered findings of fact (consistent with the above evidence) and concluded that the plaintiff met her burden of showing that the Robbinsville Tract is marital property and the defendant failed to meet his burden of showing that the property was acquired by him by bequest, devise, descent, or gift during the course of the marriage or in exchange for separate property. The trial court then concluded that the Robbinsville Tract was marital property and distributed it to the defendant in an unequal distribution. The distributional factors given by the trial court included a finding that the defendant had used his personal funds, prior to the marriage, to construct the house on the Robbinsville tract. The trial court found that the debts incurred for Pamela's scoliosis surgery and contact lens insurance were "not incurred for the joint benefit of the parties" and thus classified them as the defendant's separate debts. Other properties of the parties were classified, valued and distributed and are not the subject of this appeal.

The issues are whether the trial court erred in classifying: (I) the Robbinsville Tract as marital property; and (II) the debts incurred for the benefit of Pamela as the defendant's separate debts.

I

[1] In an equitable distribution proceeding, the "party claiming a certain classification has the burden of showing, by the preponderance of the evidence, that the property is within the claimed classification." *Burnett v. Burnett*, 122 N.C. App. 712, 714, 471 S.E.2d 649, 651 (1996). In this case the plaintiff claims that the Robbinsville Tract is marital property and the defendant claims that property is his separate property.

At the trial plaintiff presented evidence that the Robbinsville Tract was acquired by both of the parties in 1986 (during the marriage and before the date of separation) when the defendant's parents signed a deed conveying the property to the plaintiff and the defendant as tenants by the entirety. The defendant presented evidence that in 1975 his father told him he would give him the Robbinsville Tract if the defendant were to build a house on the property and that he built the house in 1976, some seven years before the marriage. The defendant asserts that although he never acquired legal title to the property prior to the marriage, he acquired an equitable interest in the property before the marriage. This Court has recognized that "both legal and equitable interest in real and personal property" are

CRISP v. CRISP

[126 N.C. App. 625 (1997)]

entitled to recognition under the Equitable Distribution Act. *Upchurch v. Upchurch*, 122 N.C. App. 172, 175, 468 S.E.2d 61, 63, *disc. rev. denied*, 343 N.C. 517, 472 S.E.2d 26 (1996). Thus if the party claiming that he acquired an equitable interest (i.e., a constructive, resulting or express trust) in certain properties prior to the marriage presents "clear, strong and convincing evidence" of the existence of that interest and the trial court concludes that such interest does exist, the property is properly classified as his separate property. *See id.* at 175-76, 468 S.E.2d at 63.

In this case, the trial court rejected the defendant's evidence and determined that the Robbinsville Tract was acquired not by the defendant before the marriage but instead by both parties during the marriage. Because there is evidence in the record to support the findings of the trial court, this Court is bound by those findings. *Nix v. Nix*, 80 N.C. App. 110, 112-13, 341 S.E.2d 116, 118 (1986).

In finding that the Robbinsville Tract is marital property the trial court also rejected the alternative argument of the defendant that his parents, in deeding the property in 1986, intended to make a gift to him and not to the marital estate. If this argument were accepted by the trial court, indeed the defendant would have met his burden of showing that the property was acquired by him as a gift during the marriage and therefore be entitled to have the property classified as his separate property. *See* N.C.G.S. § 50-20(b)(2) (1995). There is competent evidence, however, in the record that the defendant's parents intended to make a gift to the marital estate. Not only do both names appear on the deed but there is testimony from the attorney who prepared the deed that he was told by either Carmel or Geneva to include the plaintiff's name on the deed as a grantee, along with the defendant. Accordingly the trial court did not err in classifying the Robbinsville Tract as marital property.[1]

II

[2] "A marital debt . . . is one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210, *disc. rev. denied*, 336 N.C. 605, 447 S.E.2d 392 (1994). In this case there is evidence in the record that the debts

---

1. We note that the trial court distributed the Robbinsville Tract to the defendant in an unequal award. One of the factors found by the trial court to justify the unequal distribution was the fact that the defendant had paid for the original construction of the house on the Robbinsville tract prior to the marriage.

incurred for the benefit of the defendant's child were not for the "joint benefit of the parties." Pamela was not the biological child of the plaintiff and the plaintiff had not adopted her. Thus the plaintiff who stood in loco parentis to the child at the time the debts were incurred had no legal obligation to provide for the medical care of Pamela, unless she specifically agreed to do so or in the event the natural parents were unable to provide such care. *See Duffey v. Duffey*, 113 N.C. App. 382, 384-85, 438 S.E.2d 445, 447 (1994).

In this case, there is no evidence that the plaintiff had agreed to provide such medical care or that the natural parents were unable to provide such care. Accordingly the trial court correctly determined that Pamela's medical bills were not marital debts.

Affirmed.

Judge WYNN dissents with a separate opinion.

Judge TIMMONS-GOODSON concurs.

Judge WYNN dissenting.

I disagree with the majority's conclusion that the trial court correctly found the house and lot in this case to be marital property. In my opinion, the subject property should be classed as separate because the defendant established that he acquired an equitable interest in the property prior to his marriage to the plaintiff.

In *Upchurch v. Upchurch*, 122 N.C. App. 172, 468 S.E.2d 61, *disc. review denied*, 343 N.C. 517, 472 S.E.2d 26 (1996), we concluded that where a party presents "clear, strong and convincing evidence" that an equitable interest has been acquired in property prior to marriage, the property should be properly classified as separate property. "In North Carolina an equitable interest in property can be established in several situations, namely express, resulting, and constructive trusts." *Id.* at 175, 468 S.E.2d at 63, (quoting *Webster's Real Estate Law in North Carolina* § 28-1, at 1083 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 4th ed. 1994)).

The evidence in this case sufficiently shows that the defendant's equitable interest in the subject property was established by a constructive trust. "A constructive trust is a duty . . . imposed by courts of equity to prevent the unjust enrichment of the holder of title to . . . property which such holder acquired through fraud, breach of

**CRISP v. CRISP**

[126 N.C. App. 625 (1997)]

duty or some other circumstance making it inequitable for him to retain it." *Id.* (quoting *Roper v. Edwards*, 323 N.C. 461, 464, 373 S.E.2d 423, 424-25 (1988)). As the majority notes, the defendant's father told him that he would give him a tract of land, which he and his wife owned, if defendant wanted to build a house on it. A year later defendant did indeed construct a house on the tract of land that his father had promised to give to him. Defendant moved into the house and lived there for approximately seven years before marrying plaintiff. During this time, legal title to the land remained in the names of defendant's parents.

These facts establish defendant's equitable interest in the property by way of a constructive trust. The record clearly shows that defendant's parents intended to give the property to the defendant.[1] Since defendant established by clear, strong and convincing evidence that he had an equitable interest in the subject property before marrying plaintiff, the property should be classed as separate property.

---

1. In fact, the record indicates that defendant's parents conveyed the property to him for the purpose of facilitating the acquisition of a loan not as a gift to the marital unit. It was only after the defendant sought to collateralize a loan on the property that the issue of title became essential because the bank required defendant to have the property in his name. Thus, the parents intent at the time of signing the deed was to carry out the defendant's wishes in order to allow him to obtain a loan on the property. Nothing, other than a blind reading of the deed which includes the names of both defendant and his wife, indicates that the parents ever intended to convey a gift of the property to the defendant's wife.