ANNA C. WEATHERFORD (Formerly KEENAN), Plaintiff v.
LARRY S. KEENAN, Defendant

No. COA97-270

(Filed 16 December 1997)

### Trusts and Trustees § 152 (NCI4th)— equitable distribution— marital home—improvements—constructive trust

The trial court did not improperly impose a constructive trust on improvements to the marital home in an equitable distribution action. Although defendant suggests that it was improper for the trial court to make findings regarding a constructive trust and unjust enrichment when neither cause was pled, a constructive trust is a remedy within the court's equitable powers rather than a cause of action. A claimant may expressly sue to establish a constructive trust, but that is not necessary for the court to do equity. The court's reference to unjust enrichment was an explanation for why it impressed a constructive trust, as it was entitled to do in an equitable distribution action, rather than an adjudication of an unjust enrichment claim.

Appeal by defendant from judgment entered 6 December 1996 by Judge Earl J. Fowler, Jr. in Buncombe County District Court. Heard in the Court of Appeals 19 November 1997.

*Ingrid Friesen, for plaintiff-appellee.*

*Eleanor McCorkle, for defendant-appellant.*

LEWIS, Judge.

Defendant challenges that portion of the trial court's equitable distribution judgment which impresses a constructive trust upon improvements to the home where he and plaintiff lived before separating. We affirm.

Plaintiff and defendant were married in 1968. In 1970 they moved into a garage apartment on land owned by defendant's parents. They did not pay rent. Beginning in 1983, plaintiff and defendant made a series of improvements to the property. The trial court found that when the parties separated in 1990, the improvements valued $23,665.00. Sometime after separation and before divorce, defendant inherited the improved property.

WEATHERFORD v. KEENAN

[128 N.C. App. 178 (1997)]

The trial court found that the improvements had been financed with marital funds, and it was therefore equitable to create a constructive trust for plaintiff of one-half the net value of the improvements on the date of separation. The trial court concluded that the increase in value to the property attributable to the improvements was marital property, even though the property was owned by defendant's parents at all times prior to the date of separation. The trial court stated that to hold otherwise would unjustly enrich the defendant. Judgment was entered distributing marital property in conformity with these conclusions.

Defendant argues that it was improper for the trial court to make findings regarding a constructive trust and unjust enrichment when neither cause of action was pled.

Defendant errs when he suggests that a constructive trust is a cause of action rather than a remedy. When a court impresses a constructive trust upon property for the benefit of a claimant, it exercises its equitable powers to fashion remedies. *See Roper v. Edwards*, 323 N.C. 461, 465, 373 S.E.2d 423, 425 (1988) (" 'On the whole . . . the constructive trust is seen by American courts today as a remedial device, to be used *wherever specific restitution in equity is appropriate on the facts.*' " (quoting D. Dobbs, *Remedies* § 4.3 (1973))). It is true that a claimant may expressly sue to establish a constructive trust, based on a legal theory justifying its creation. It is not necessary, however, for a claimant to expressly seek the creation of a constructive trust for a court to do equity.

> A constructive trust is merely a procedural device by which a court of equity may rectify certain wrongs. It is suggestive of a power which a court of equity may exercise in an appropriate case, but it is not a designation of the cause of action which justifies an exercise of the power.

*New Amsterdam Casualty Company v. Waller*, 301 F.2d 839, 842 (4th Cir. 1962). The trial court was entitled to create a constructive trust even though plaintiff did not expressly request such relief in her complaint for equitable distribution.

Defendant also errs when he suggests that the trial court adjudicated an unpled claim of unjust enrichment. Defendant bases this argument on the trial court's statement that it created a constructive trust to avoid "unjustly enrich[ing] the defendant."

Our equitable distribution statute empowers the trial court to distribute "marital property," which includes both legal and equitable interests in property. N.C. Gen. Stat. § 50-20 (1995); *Upchurch v. Upchurch*, 122 N.C. App. 172, 175, 468 S.E.2d 61, 63, *disc. review denied*, 343 N.C. 517, 472 S.E.2d 26 (1996). In an action for equitable distribution, the trial court is entitled to create a constructive trust in order to recognize equitable interests in property acquired before separation. *Id.* A constructive trust may be imposed to prevent the unjust enrichment of the holder of legal title to property. *Wilson v. Development Co.*, 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970). The trial court's reference to "unjust enrichment" was an explanation for why it impressed a constructive trust on the improvements to the home, as it was entitled to do. It was not an adjudication of an unjust enrichment claim.

Defendant also asserts that the trial court lacked the authority to impose a constructive trust on the home improvements in this equitable distribution case. We overrule this assignment of error for the reasons stated above.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.