STROUD, Judge.
 

 Appellant Sara Tanner appeals from an order, entered 12 January 2015, imposing a constructive trust upon her funds for the benefit of the marital estate of plaintiff and defendant Mary Margaret Tanner. All parties to the appeal agree that Appellant was properly joined as a necessary party, but because Appellant had not been joined as a party prior to the hearing and order which determined her substantive rights, the trial
 court did not have personal jurisdiction over her and we must vacate the order to the extent that it addresses any issue other than joinder of Appellant as a necessary party.
 

 I. Facts
 

 Plaintiff ("Husband") and defendant Mary Tanner ("Wife") were married in 2004 and separated on 15 February 2013. On 15 February 2013, Husband filed a complaint for custody and equitable distribution, including "interim distribution" and "unequal division injunctive relief[.]" (Original in all caps.) On 22 March 2013, Wife filed her answer and counterclaimed for child custody, child support, equitable distribution, post-separation support and alimony, and attorney fees.
 

 On 14 April 2014, Wife filed a "MOTION IN THE CAUSE" in which she requested joinder of Appellant Sara Tanner as a party, imposition of a constructive trust, and a restraining order because she had learned during discovery "that between October and December of 2012 [Husband] removed funds from his business in the approximate amount of $335,569.60 and gave them to his mother Sara N. Tanner." Wife further alleged that Husband had "clearly anticipated his separation" and was attempting to avoid having funds "distributed as marital property." Wife contended that "Sara N. Tanner is a necessary party and should be joined to the equitable distribution action pursuant to Rule 21 of the N.C. Rules of Civil Procedure for further determination of the ownership interest in the funds transferred to her by Plaintiff." Wife also requested imposition of "a restraining order to prohibit the use, movement, depletion, waste, conversion or disappearance of the funds that are the subject of the constructive trust pending further hearings[.]"
 

 On 4 and 6 November 2014, the trial court held a hearing regarding the Wife's motion for joinder, imposition of a constructive trust, and issuance of a restraining order. Husband and Wife each appeared at this hearing with their respective counsel. Appellant was present because she was subpoenaed by Wife to appear and testify, but she was not yet a
 party to the action and was not represented by counsel. From our record, no summons was ever issued to Appellant nor was she ever served with any other pleadings, motions, or notices. After the hearing, on 6 January 2015, counsel for Appellant filed a notice of appearance.
 

 On 7 January 2015, the case "came on for hearing regarding entry of the order" from the November 2014 hearing. Counsel for Husband had accepted the draft of the order as proposed by Wife's counsel, but Appellant's counsel, who had just made her first appearance in the case
 the prior day, objected to entry of the order. Over the objection, the trial court entered the order.
 

 On 12 January 2015, the trial court entered the order for "JOINDER & CONSTRUCTIVE TRUST[.]" The order contained detailed findings of fact and conclusions of law regarding Husband's transfer of funds to Appellant and ultimately determined that a constructive trust should be imposed. The order decreed:
 

 1. Sara N. Tanner is hereby joined as a party to the pending claims for equitable distribution in this case.
 

 2. Sara N. Tanner shall serve as trustee of the remainder of the funds distributed to her by the Plaintiff for the benefit of the Plaintiff and Defendant's marital estate. Those funds are currently in an account managed by UBS. She shall abide by and distribute those funds in accordance with any subsequent Order of this Court equitably distributing the parties' marital estate.
 

 3. Sara N. Tanner is hereby restrained from taking any action depleting, wasting, moving or otherwise causing the disappearance of the remainder of the funds distributed to her by the Plaintiff. If Sara N. Tanner is advised by the manager of the UBS account in which the funds are located that some action needs to be taken, then she shall immediately advise counsel for both Plaintiff and Defendant. She shall authorize the funds manager to speak with counsel for both Plaintiff and Defendant. No action shall be taken regarding the funds without prior notice, input and agreement of all parties to the equitable distribution claim.
 

 The 12 January 2015 order was the first and only order to join Appellant as a party to the case as a defendant. On 11 February 2015, Appellant gave notice of appeal from the order.
 

 II. Interlocutory Appeal
 

 Appellant acknowledges that her appeal is interlocutory, but argues that we should hear her appeal because "an order determining ownership and control of a substantial amount of money affects a substantial right." Appellant contends that "[t]he order at issue here went well beyond preserving the status quo: the imposition of the constructive trust and the determination that the monies in Sara's account belonged
 to the marital estate made a final determination as to Sara's rights." We agree.
 

 In
 
 Estate of Redden v. Redden,
 
 "the trial court entered partial summary judgment in favor of plaintiff[, decedent's estate,] and ordered defendant [, decedent's wife,] to pay plaintiff the sum of $150,000.00 plus costs."
 
 179 N.C.App. 113
 
 , 115,
 
 632 S.E.2d 794
 
 , 797 (2006),
 
 disc. review allowed in part and remanded on other issues,
 

 361 N.C. 352
 
 ,
 
 649 S.E.2d 638
 
 (2007). This Court stated:
 

 In determining whether a substantial right is affected a two-part test has developed-the right itself must be substantial and the deprivation of that substantial right must potentially work injury to appellant if not corrected before appeal from final judgment. A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right.
 

 Here, defendant asserts in her statement of grounds for appellate review that:
 

 This appeal is taken from the Order, entered June 27, 2005, granting the Plaintiff partial summary judgment and ordering Defendant Barbara Redden to pay to the Estate of MONROE M. REDDEN, JR., deceased, the sum of
 one hundred fifty thousand dollars ($150,000.00) and costs. The Order appealed affects a substantial right of Defendant Barbara Redden by ordering her to make immediate payment of a significant amount of money; therefore, this Court has jurisdiction over the Defendant's appeal pursuant to N.C. Gen.Stat. § 1-277 and N.C. Gen.Stat. § 7A-27(d).
 

 Id.
 
 at 116-17,
 
 632 S.E.2d at 797-98
 
 (citations, quotation marks, and brackets omitted). In accord with the reasoning in
 
 Estate of Redden,
 
 we consider Appellant's appeal.
 
 See
 
 id.
 

 III. Necessary Party
 

 Appellant argues that the trial court's order imposing a constructive trust over funds in her possession must be vacated because she was a necessary party to the hearing. This case stands in a unique procedural posture since the trial court has already agreed with Appellant's
 contention that she is a necessary party. Conclusion of law six of the order states, "Sara N. Tanner is a necessary party as contemplated by Rule 19 of the N.C. Rules of Civil Procedure and the court cannot make a final determination of equitable distribution without her being made a party to that action." Thus, Appellant is not arguing that she is a necessary party and should be joined, since the trial court already determined that and ordered her joinder, but rather she contends that the trial court had no authority to hear the merits of the motion to impose a constructive trust on the funds in her possession as she was not a party at the time that issue was being considered by the trial court.
 

 We note that the only parties who filed briefs on appeal are Appellant and Wife. The trial court determined Appellant was a necessary party, but it did so in the same order which also imposed a constructive trust on funds in her possession. Thus, at the time Appellant became a party, the issue of funds in her possession had already been determined without her having any opportunity to be heard on the matter as a party in the case. Wife essentially concedes that Appellant is a necessary party, as she is the party who moved to join her in the first place.
 

 The trial court made many findings of fact, which we need not recite in detail, since they are unnecessary for the issue on appeal. There is no dispute that Appellant has "funds ... in an account in her sole name managed by UBS" which the trial court ordered she must hold as constructive trustee for the marital estate, although she was never made a party until the order on appeal joining her and imposing the trust. We have reviewed the entire transcript for some indication that Appellant appeared before the trial court in any capacity other than a witness or that she consented to proceed with hearing the substantive issue of the constructive trust, but she simply did neither.
 

 It is true that counsel for Husband and Wife seemed to implicitly agree to try the entire issue of whether a constructive trust should be imposed along with the issue of joinder, but they did not obtain
 
 Appellant's
 
 consent to try all of the substantive issues. Perhaps a conversation occurred off of the record and all present, including Appellant, understood and agreed to the intended scope of the hearing, but the record before us does not in any way indicate this sort of agreement. The record shows that Husband's counsel appeared only as counsel for Husband, not as counsel for Appellant. Appellant had never been identified as a party in any pleading, but only as a potential party in Wife's motion for joinder. Appellant had not been issued a summons, had not been served with a summons, was not served with any pleadings or motions including the motion for joinder, and was not served with
 notice of any proceedings before the trial court. Appellant did not on the record consent to be added as a party or to proceed to hearing on an issue which would determine rights to funds held in her bank account without service or representation; she appeared only as a witness, under subpoena to appear and testify, and she was not represented by counsel.
 

 Wife argues that the "facts and evidence regarding joinder, imposition of constructive trust and ownership are closely intertwined [so] the requirement to have separate hearings on those matters defeats judicial economy and underestimates the ability of the trial
 court to understand the scope and purpose of evidence presented." Wife also contends that Appellant has failed to cite case law supporting "the proposition that the lower court is required to hold a separate hearing determining whether she is a necessary party and imposing a construct[ive] trust and a second hearing determining ownership of the property in dispute." But whether a separate hearing is required is not the issue. Nor do we doubt in the least the trial court's ability "to understand the scope and purpose of the evidence presented" at a joint hearing upon both the motion for joinder and the substantive issue of the constructive trust, but the trial court was also relying upon counsel for both parties-Husband and Wife-to bring the case to the trial court with all of the necessary parties in place, if they wished to proceed on both the issue of joinder as well as the substantive issue raised by the motion to impose a constructive trust upon the funds Husband transferred to Appellant.
 

 Our case law plainly states that "[a] judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void."
 
 Rice v. Randolph,
 

 96 N.C.App. 112
 
 , 113,
 
 384 S.E.2d 295
 
 , 297 (1989). Wife seeks to rely upon
 
 Upchurch v. Upchurch,
 

 122 N.C.App. 172
 
 ,
 
 468 S.E.2d 61
 
 (1996) to support her argument, stating, "[t]his case is slightly different from
 
 Upchurch
 
 in that the third party in that case, the son of the spouses, was named as a defendant in Wife's original action for equitable distribution." This distinction is no "slight [ ] differen [ce:]" it is the crucial difference. Had Appellant been named as a party when the complaint was filed and she was served with process, this would be an entirely different case. Appellant would have had notice of all proceedings in the trial court as well as the opportunity to be represented by counsel and to present evidence regarding the issue of the ownership of property in her possession. Here, unlike in
 
 Upchurch, contrast
 
 id.,
 

 the third party holding the funds in dispute was not an original party to the action nor had she been added as a party when the trial court determined the ownership of the funds. Thus, the order "is null and void" as to imposition of the constructive trust.
 

 Rice,
 

 96 N.C.App. at 113
 
 ,
 
 384 S.E.2d at 297
 
 . As we are vacating the portion of the order imposing a constructive trust, we need not consider Appellant's other issue on appeal.
 

 The trial court's order is void to the extent that it imposes a constructive trust over the UBS account because Appellant is a necessary party, but she was not party to the action at the time of the hearing. Yet the trial court was also hearing Wife's motion for joinder of Appellant as a party, and it was not necessary for Appellant to be a party or to have notice or to participate in the determination of that motion. In fact, where it appears to a trial court that a necessary party is absent, the trial court may refuse to "deal with the merits of the action until the necessary party is brought into the action" and may correct this
 
 ex mero motu:
 

 The absence of parties who are necessary parties under Rule 19 of the Rules of Civil Procedure does not merit a dismissal. When the absence of a necessary party is disclosed, the trial court should refuse to deal with the merits of the action until the necessary party is brought into the action. Any such defect should be corrected by the trial court
 
 ex mero motu
 
 in the absence of a proper motion by a competent person.
 

 White v. Pate,
 

 308 N.C. 759
 
 , 764,
 
 304 S.E.2d 199
 
 , 202-03 (1983) (citations and footnote omitted).
 

 The trial court had both the power and the duty to enter an order for Appellant to be joined as a necessary party, but it could not determine the substantive issues raised by the motion for constructive trust until after she was joined as a party.
 
 See generally
 
 id.
 

 Appellant does not challenge the trial court's determination that she is a necessary party. Thus, the trial court had authority to enter its ruling upon the Wife's motion for joinder of Sara as a necessary party, which is expressed in paragraph 1 of the decree: "Sara N. Tanner is hereby joined as a party to the pending claims for equitable distribution in this case." Beyond this, the order is void and must be vacated.
 

 On remand, a summons should be issued to Appellant, to be served upon her along with the pleadings and trial court's order granting the motion for joinder.
 
 [1]
 
 At any future hearing in this matter, the trial court
 shall not rely upon the findings of fact or conclusions of law in the order on appeal, which are vacated, as to the substantive issue of imposition of a constructive trust, since this order is void as to the determination of the substantive issue of imposition of a constructive trust over the funds at issue.
 

 IV. Conclusion
 

 For the foregoing reasons, we affirm the order to the extent that it orders the joinder of Appellant as a necessary party and vacate the remainder of the trial court order addressing the substantive issues and imposing a constructive trust. We remand for a further hearing to address the substantive issues, at which all parties will have proper notice and opportunity to be heard.
 

 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 

 Judges DIETZ and TYSON concur.
 

 A summons need not be issued if Appellant consents to jurisdiction on remand without issuance of a summons and formal service.
 
 See
 

 Grimsley v. Nelson,
 

 342 N.C. 542
 
 , 545,
 
 467 S.E.2d 92
 
 , 94 (1996) ( "Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent.")