IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-340

Filed: 3 March 2020

Cumberland County, No. 13 CVD 5523

MARIA HONTZAS POULOS, Plaintiff

v.

JOHN EMANUEL POULOS, AJ PROPERTIES OF FAYETTEVILLE, LLC, BEAR ONE INVESTMENTS, LLC, BEAR PLUS ONE, LLC, BEAR SIX INVESTMENTS, LLC, CUMBERLAND RESEARCH ASSOCIATES, LLC, FAYETTEVILLE ENDOSCOPY, LLC, FAYETTEVILLE GASTROENTEROLOGY ASSOCIATES, PA, ICARIAN PARTNERS, LLC, JBV RENTAL PROPERTY, LLC, JEEM, LLC, JEP INVESTMENTS, LLC, JZJ, LLC, KPC COMMERCIAL, LLC, LUMBERTON SQUARE II, LLC, MEEJ, LLC, MEEJ II, LLC, PK PROPERTIES OF FAYETTEVILLE, LLC, VILLAGE AMBULATORY SURGERY ASSOCIATES, INC., OCIE F. MURRAY, JR., as Trustee of the JOHN E. POULOS FAMILY TRUST, JOHN EMANUEL POULOS, as Trustee of the KOULA POULOS REVOCABLE TRUST, Defendants

Appeal by Defendants from Order entered 2 October 2018 by Judge A. Elizabeth Keever in Cumberland County District Court. Heard in the Court of Appeals 1 October 2019.

*The Armstrong Law Firm, P.A., by L. Lamar Armstrong, Jr. and L. Lamar Armstrong, III, for plaintiff-appellee.*

*Player McLean, LLP, by Lonnie M. Player, Jr., for defendants-appellants AJ Properties of Fayetteville, LLC, Bear One Investments, LLC, Bear Plus One, LLC, Bear Six Investments, LLC, Cumberland Research Associates, LLC, Icarian Partners, LLC, JBV Rental Property, LLC, JEEM, LLC, JEP Investments, LLC, JZJ, LLC, KPC Commercial, LLC, Lumberton Square II, LLC, MEEJ, LLC, MEEJ II, LLC, PK Properties of Fayetteville, LLC, and John Emanuel Poulos, as Trustee of the Koula Poulos Revocable Trust.*

*Adams, Burge & Boughman, PLLC, by Harold Lee Boughman, Jr. and Vickie L. Burge, for defendant-appellant John Emanuel Poulos.*

*Hamilton Stephens Steele + Martin, PLLC, by Kenneth B. Dantinne and Sarah J. Sawyer, for defendant-appellant Ocie F. Murray, Jr., as Trustee of the John E. Poulos Trust.*

HAMPSON, Judge.

AJ Properties of Fayetteville, LLC, Bear One Investments, LLC, Bear Plus One, LLC, Bear Six Investments, LLC, Cumberland Research Associates, LLC, Icarian Partners, LLC (Icarian), JBV Rental Property, LLC, JEEM, LLC, JEP Investments, LLC, JZJ, LLC, KPC Commercial, LLC, Lumberton Square II, LLC, MEEJ, LLC, MEEJ II, LLC, PK Properties of Fayetteville, LLC (Corporate Defendants), John Emanuel Poulos, individually (Defendant Poulos) and as Trustee of the Koula Poulos Revocable Trust (KP Trust), and Ocie F. Murray, Jr., as Trustee of the John E. Poulos Trust (JEP Trust), (collectively, Defendants)[1] appeal from an Order on Motions to Dismiss (Motion to Dismiss Order) denying in part Defendants' Motions to Dismiss. We, however, determine the Motion to Dismiss Order from which Defendants appeal is an interlocutory order that does not affect a substantial right of Defendants. Therefore, we dismiss this appeal.

## Factual and Procedural Background

---

[1] Defendants Fayetteville Endoscopy, LLC, Fayetteville Gastroenterology Associates, PA, and Village Ambulatory Surgery Associates, Inc. did not appeal the trial court's Order and are not parties to this appeal.

Defendant Poulos and Maria Hontzas Poulos (Plaintiff) were married on 25 January 1992. On 12 July 2013, Defendant Poulos and Plaintiff separated. On 15 July 2013, Plaintiff filed her original Complaint (Complaint) in this action against Defendant Poulos in Cumberland County District Court (Divorce Case). Plaintiff's Complaint alleged three claims—Post-Separation Support, Alimony, and Equitable Distribution. Thereafter, on 8 October 2014, they were granted a judgment of absolute divorce.

On 11 February 2015, Plaintiff filed a separate lawsuit against Defendant Poulos, Icarian, MEEJ, LLC, JEP Investments, LLC, and the JEP Trust in Cumberland County Superior Court, which action was subsequently designated a mandatory complex business case and assigned to a special superior court judge for complex business cases in North Carolina Business Court (Business Court Case). In the Business Court Case, Plaintiff asserted claims for Fraud, Constructive Fraud, Breach of Fiduciary Duty, Fraudulent Transfers in violation of the North Carolina Uniform Voidable Transactions Act (UVTA), Setting Aside the JEP Trust under the North Carolina Uniform Trust Code (UTC), and an Accounting. Plaintiff also alleged Defendant Poulos had engaged in a pre-divorce "fraudulent scheme" whereby Defendant Poulos, beginning in late 2010 or early 2011, "transferred, concealed, and siphoned away marital assets to prevent [Plaintiff] from receiving distribution of this property in the" Divorce Case by transferring marital assets to third-party LLCs.

Specifically, Plaintiff alleged Defendant Poulos transferred large portions of marital property from various Corporate Defendants to Icarian—an LLC in which Defendant Poulos was allegedly the sole interest owner—and in turn, Defendant Poulos caused Icarian to transfer a ninety-percent membership interest in Icarian to the JEP Trust. Plaintiff further contended these transfers breached the fiduciary duty Defendant Poulos owed her as his wife and constituted fraud. Therefore, Plaintiff requested the JEP Trust be voided and she be granted an accounting of the assets held by the JEP Trust.

After extensive discovery in the Business Court Case, the Business Court granted partial summary judgment on 26 September 2016, dismissing Plaintiff's claims for Constructive Fraud, Fraudulent Transfers under the UVTA under N.C. Gen. Stat. § 39-23.5(a), Breach of Fiduciary Duty in part, and Setting Aside the JEP Trust under the UTC and denying Defendants' motions for summary judgment on Plaintiff's remaining claims (Business Court Summary Judgment Order).

Defendants subsequently filed a motion to clarify the Business Court Summary Judgment Order, and Plaintiff filed a motion for reconsideration. On 6 June 2017, the Business Court entered its Order on Motion to Clarify, Motion for Reconsideration, and Motion to Revise Summary Judgment Order (Business Court Clarification Order). Relevant to the appeal *sub judice*, the Business Court Clarification Order identified four transfers at issue in the Business Court Case:

> [T]he MEEJ Transfers, the JEP Transfer, the Trust Transfer, and the Maria Transfer (collectively, the MEEJ Transfers, JEP Transfers, and Trust Transfer are referred to as the "Transfers"). The [Business Court Summary Judgment Order] defined the MEEJ Transfers as the real property deeded by MEEJ to Icarian on January 28, 2011 . . . and the JEP Transfer as the real property deeded by JEP to Icarian on January 28, 2011. . . . The [Business Court Summary Judgment Order] defined the Trust Transfer as the transfer of a 90% interest in Icarian into the [JEP Trust] on February 11, 2011.

First, the Business Court clarified, "the claims remaining for trial against [Defendant] Poulos individually are Plaintiff's claims for breach of fiduciary duty and fraud regarding the MEEJ Transfers and the JEP Transfer, and Plaintiff's claims under [N.C. Gen. Stat.] § 39-23.4(a)(1) regarding the MEEJ Transfers, the JEP Transfer, and the Trust Transfer. The MEEJ Transfers do not include transfers of security investments or other funds to Icarian." Second, the Business Court noted "issues of material fact existed regarding whether [Defendant] Poulos was the 100% owner of Icarian." On 13 July 2017, Plaintiff voluntarily dismissed without prejudice all claims remaining in the Business Court Case.

On 14 February 2018, Plaintiff filed an Amended Complaint (Amended Complaint) in the current action in Cumberland County District Court against Defendants.[2] In her Amended Complaint, Plaintiff added additional facts pertaining to the fraudulent scheme she alleged in the Business Court Case but asserted the

---

[2] Pursuant to certain Joinder Orders, the trial court joined all remaining Corporate Defendants, JEP Trust, and KP Trust in this action as necessary parties.

same three claims as in her original Complaint—Post-Separation Support, Alimony, and Equitable Distribution. In addition, Plaintiff added a fourth "claim for relief" seeking a constructive trust. This fourth claim for relief alleged the following:

129. [Defendant] Poulos transferred legal title and ownership of [Plaintiff's] and [Defendant] Poulos' substantial marital property as stated above and summarized as follows:

  a. [Defendant] Poulos transferred his membership interests in the Corporate Defendants into Icarian.

  b. [Defendant] Poulos fraudulently induced [Plaintiff] to transfer her membership interests in the Corporate Defendants into Icarian.

  c. On 11 February 2011, [Defendant] Poulos created the JEP Trust and purported to assign and transfer ninety percent (90%) membership interest in Icarian into the JEP Trust.

  d. [Defendant] Poulos transferred substantial marital property into Icarian, and thus the JEP Trust.

  e. [Defendant] Poulos transferred substantial marital property into the KP Trust.

  f. Other assignments and transfers of marital property to third parties and to himself as shown above and as otherwise proven at trial.

  (collectively, "the Transfers").

130. As a result of the Transfers, the KP Trust, the JEP Trust, and the Corporate Defendants hold legal title to property that was marital property before the Transfers (the Transferred Property).

131. The Trust Defendants and the Corporate Defendants acquired legal title to the Transferred Property through [Defendant] Poulos' fraud, breach of duty, or some other circumstance making it inequitable for the Trust Defendants and Corporate Defendants to retain title to the Transferred Property.

132. [Plaintiff] is entitled to imposition of a constructive trust placed on the Transferred Property.

Accordingly, Plaintiff requested imposition of a constructive trust on the Transferred Property held by the Trust Defendants and Corporate Defendants.

From 17 April to 23 April 2018, Defendants filed Motions to Dismiss alleging*, inter alia*, Plaintiff's Amended Complaint was subject to dismissal because the doctrine of collateral estoppel barred Plaintiff's claims. After a hearing on Defendants' Motions to Dismiss, the trial court entered its Motion to Dismiss Order granting in part and denying in part Defendants' Motions. In light of the Business Court Case, the trial court granted Defendants' Motions "only as to the issues of whether the JEP Trust was validly created, and therefore whether the JEP Trust itself (not including any assets held in the JEP Trust) can be dissolved or in any way altered, through claims for breach of fiduciary duty, constructive fraud, or intentional fraud" based on the doctrine of collateral estoppel. Defendants timely filed Notices of Appeal from the trial court's Motion to Dismiss Order.

## **Appellate Jurisdiction**

We must first address whether we have jurisdiction to review the trial court's Motion to Dismiss Order. As Defendants acknowledge, the trial court's Motion to Dismiss Order is interlocutory. *See Baker v. Lanier Marine Liquidators, Inc.*, 187 N.C. App. 711, 717, 654 S.E.2d 41, 46 (2007) ("Denial of a motion to dismiss is interlocutory because it simply allows an action to proceed and will not seriously impair any right of defendants that cannot be corrected upon appeal from final judgment." (citation and quotation marks omitted)). "Generally, there is no right of immediate appeal from interlocutory orders and judgments. However, immediate appeal of an interlocutory order is available where the order deprives the appellant of a substantial right which would be lost without immediate review." *Whitehurst Inv. Props., LLC v. NewBridge Bank*, 237 N.C. App. 92, 95, 764 S.E.2d 487, 489 (2014) (citations and quotation marks omitted).

Defendants argue the Motion to Dismiss Order affects two substantial rights. First, Defendants contend the Order is "immediately appealable based on its denial of the Defendants' alternative requests for jury trial." Second, Defendants assert the Order affects a substantial right where its Motions to Dismiss made "a colorable assertion that the [Plaintiff's] claim is barred under the doctrine of collateral estoppel." We address each argument in turn.

With respect to Defendants' alleged right to a jury trial, our Court has explained a trial court's denial of a defendant's request for a jury trial *may* in certain

circumstances affect a substantial right, thereby rendering it immediately appealable. *See, e.g.*, *Dept. of Transportation v. Wolfe*, 116 N.C. App. 655, 656, 449 S.E.2d 11, 12 (1994) (citations omitted). However, our Supreme Court has long held no right to a jury trial exists in an equitable distribution action. *See Kiser v. Kiser*, 325 N.C. 502, 511, 385 S.E.2d 487, 492 (1989). As for the issue of a right to a trial by jury on the question of a constructive trust in the context of an equitable distribution action, our Court has stated:

> [T]he issue of constructive trust is not a cause of action which is to be severed from other actions, but rather is a request for equitable relief within the equitable distribution action itself. As such, all issues pertaining to the constructive trust are questions of fact arising in a proceeding for equitable distribution of marital assets, and thus, there is no constitutional right to trial by jury.

*Sharp v. Sharp*, 133 N.C. App. 125, 131, 514 S.E.2d 312, 316 (Timmons-Goodson, J., dissenting) (citation and quotation marks omitted), *rev'd per curiam for the reasons stated in dissent*, 351 N.C. 37-38, 519 S.E.2d 523 (1999). Thus, under *Sharp*, Defendants are not deprived of a substantial right by the trial court's denial of their alternative requests for a jury trial. *See id.*

Defendants next argue the trial court's interlocutory Motion to Dismiss Order affects a substantial right where the Order "was based in part on [the trial court's] rejection of the defense of collateral estoppel raised by each of the Defendants." It is well established "the denial of a motion to dismiss a claim for relief affects a substantial right when the motion to dismiss makes a colorable assertion that the

claim is barred under the doctrine of collateral estoppel." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009). Nevertheless, we have also recognized "[i]ncantation of the [doctrine of collateral estoppel] does not, however, automatically entitle a party to an interlocutory appeal of an order rejecting [that defense]." *Foster v. Crandell*, 181 N.C. App. 152, 162, 638 S.E.2d 526, 534 (2007). Thus, we must determine whether, at this preliminary stage, Defendants have made a colorable argument that the doctrine applies in this context in order to allow us to exercise jurisdiction over this appeal.

"Under the collateral estoppel doctrine, parties and parties in privity with them are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." *Turner*, 363 N.C. at 558, 681 S.E.2d at 773 (alteration, citation, and quotation marks omitted). "The issues resolved in the prior action may be either factual issues or legal issues." *Doyle v. Doyle*, 176 N.C. App. 547, 549, 626 S.E.2d 845, 848 (2006). The party alleging collateral estoppel must demonstrate

> that the earlier suit resulted in a final judgment on the merits, that the *issue in question was identical to an issue actually litigated* and necessary to the judgment, and that both the party asserting collateral estoppel and the party against whom collateral estoppel is asserted were either parties to the earlier suit or were in privity with parties.

*State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996) (emphasis added) (alteration, citation, and quotation marks omitted).

For issues to be considered "identical" to ones "actually litigated and necessary" to a previous judgment:

> (1) the issues must be the same as those involved in the prior action, (2) the issues must have been raised and actually litigated in the prior action, (3) the issues must have been material and relevant to the disposition of the prior action, and (4) the determination of the issues in the prior action must have been necessary and essential to the resulting judgment.

*State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citation omitted). "The burden is on the party asserting [collateral estoppel] to show with clarity and certainty what was determined by the prior judgment." *Miller Building Corp. v. NBBJ North Carolina, Inc.*, 129 N.C. App. 97, 100, 497 S.E.2d 433, 435 (1998) (citation and quotation marks omitted).

Here, Defendants argue, "[i]n the Amended Complaint, Plaintiff contends that the Trust Defendants and Corporate Defendants acquired legal title to the Transferred Property, which Plaintiff alleges to be marital property or formerly marital property, through Defendant Poulos' 'fraud, breach of duty, or some other circumstance' making it inequitable for the Trust Defendants and Corporate Defendants to retain title to the Transferred Property. These issues, concerning fraud, breach of fiduciary duty, constructive fraud, etc. were *actually litigated* in the prior action, and were necessary to the judgment." Accordingly, Defendants contend collateral estoppel bars Plaintiff's request for a constructive trust over the

Transferred Property. This contention, however, fails to appreciate the nature of Plaintiff's equitable distribution claim and the issues necessary to its determination.

In the equitable distribution context, the trial court is required, *inter alia*, to classify, value, and distribute marital property. *See* N.C. Gen. Stat. § 50-20(a) (2019). Section 50-20 defines "marital property" as "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned[.]" *Id.* § 50-20(b)(1). "[B]oth legal and equitable interest in real and personal property are subject to distribution under section 50-20." *Upchurch v. Upchurch*, 122 N.C. App. 172, 175, 468 S.E.2d 61, 63 (1996) (citations omitted). Further, "an equitable interest in property can be established in several situations, namely . . . constructive trusts." *Id.* (citation omitted). Regarding constructive trusts, *Upchurch* stated:

> A constructive trust is a duty imposed by courts of equity to prevent the unjust enrichment of the holder of title to property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it. It is not necessary to show fraud in order to establish a constructive trust. Such a trust will arise by operation of law against one who *in any way* against equity and good conscience holds legal title to property which he should not. The burden is on the party wishing to establish a trust to show its existence by clear, strong and convincing evidence. The determination of whether a trust arises on the evidence requires application of legal principles and is therefore a conclusion of law.

*Id.* at 175-76, 468 S.E.2d at 63 (alterations, citations, and quotation marks omitted); *see also Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520,

530, 723 S.E.2d 744, 752 (2012) (noting a trial court can impose a constructive trust even in the absence of a breach of fiduciary duty).

Here, the Business Court resolved the following issues in favor of Defendants in the Business Court Case: (1) Plaintiff could not show a fiduciary duty existed between her and Defendant Poulos regarding the creation of the JEP Trust and the Trust Transfer because Plaintiff was not a party to the agreements or transactions creating the JEP Trust and the Trust Transfer; (2) regarding the Constructive-Fraud Claim, Plaintiff presented no evidence Defendant Poulos benefited himself at Plaintiff's expense to support this claim because the types of benefits Plaintiff alleged were not the types of *tangible* benefits required under North Carolina caselaw; and (3) Plaintiff's Fraud Claim based on the creation of the JEP Trust and the Trust Transfer also had to be dismissed because they did not involve an agreement or transaction between Plaintiff and Defendant Poulos.

These issues, however, are not necessary to a determination of whether Plaintiff is entitled to a *constructive trust* in the current equitable distribution action. Our Court has recognized, "a trial court may impose a constructive trust, *even in the absence of fraud or a breach of fiduciary duty*, upon the showing of either (1) some other circumstance making it inequitable for the defendant to retain the funds against the claim of the beneficiary of the constructive trust, or (2) that the defendant acquired the funds in an unconscientious manner." *Houston v. Tillman*, 234 N.C.

App. 691, 697, 760 S.E.2d 18, 21 (2014) (emphasis added) (citations omitted). Accordingly, the fact the Business Court Case found Plaintiff could not prove claims for fraud, breach of fiduciary duty, or constructive fraud in the creation of the JEP Trust or the Trust Transfers because Plaintiff was not a party to the agreements or transactions creating the JEP Trust and the Trust Transfer is irrelevant to the question of whether Plaintiff is entitled to a constructive trust over a portion of the Transferred Property that constitutes marital or divisible property. *See id.* (citations omitted); *Variety Wholesalers, Inc.*, 365 N.C. at 530, 723 S.E.2d at 752 (noting a breach of fiduciary duty is not required for imposition of a constructive trust); *Upchurch*, 122 N.C. App. at 175, 468 S.E.2d at 61 ("It is not necessary to show fraud in order to establish a constructive trust."); *see also Weatherford v. Keenan*, 128 N.C. App. 178, 178-80, 493 S.E.2d 812, 813-14 (1997) (upholding constructive trust in equitable distribution action even absent any mention of fraud, breach of fiduciary duty, or wrongdoing).[3]

As the trial court below correctly noted, the Business Court Case only determined the issues of whether the JEP Trust was validly created, answering in the affirmative, and thus whether the JEP Trust could be *dissolved* through claims of breach of fiduciary duty, constructive fraud, or intentional fraud, answering in the

---

[3] We note the Business Court expressly declined to address dismissal of a constructive-trust remedy regarding the "assets that may be determined to have been improperly transferred in the MEEJ and JEP transfers" because it did not believe this was the subject of Defendants' Motion to Dismiss.

negative. However, the resolution of these issues does not prevent Plaintiff from establishing a constructive trust over the *assets* held by this Trust because a constructive trust does not and cannot dissolve a trust and does not necessarily depend on proving breach of fiduciary duty, constructive fraud, or intentional fraud. *See Houston*, 234 N.C. App. at 697, 760 S.E.2d at 21 (citations omitted). Further, the fact the JEP Trust was validly created does not mean it is not marital or divisible property to which a constructive trust could attach. *See Weatherford*, 128 N.C. App. at 180, 493 S.E.2d at 814 ("In an action for equitable distribution, the trial court is entitled to create a constructive trust in order to . . . prevent the unjust enrichment of the holder of legal title to property." (citations omitted)). Indeed, the Business Court Summary Judgment Order left open numerous issues that would be relevant to such a determination, such as whether Defendant Poulos "misrepresented or failed to disclose the purpose behind the MEEJ and JEP transfers, and did not inform her that he had created the Family Trust or made the Trust Transfer." Thus, at this preliminary stage, Defendants have not shown the elements of collateral estoppel have been met.

Accordingly, because at this motion-to-dismiss stage Defendants have not shown collateral estoppel serves as a bar to Plaintiff's *remedy* of a constructive trust, Defendants have failed to meet their burden of demonstrating that the trial court's Motion to Dismiss Order "deprive[d] [Defendants] of a substantial right which would

be lost without immediate review." *Whitehurst Inv. Props., LLC*, 237 N.C. App. at 95, 764 S.E.2d at 489 (citations omitted).  Therefore, we lack jurisdiction over this appeal.

## **Conclusion**

Accordingly, for the foregoing reasons, we dismiss Defendants' appeal.

DISMISSED.

Chief Judge McGEE and Judge COLLINS concur.